395 So.2d 722 (1981)
S. J. PATTON
v.
SILVEY COMPANIES and Palmer-Jones Timber Company, Inc.
No. 80-C-1874.
Supreme Court of Louisiana.
March 2, 1981.
*723 Robert C. Lowther, Jr., Lowther & Boone, Many, for plaintiff-applicant.
Joseph Payne Williams, Brittain & Williams, Natchitoches, for defendant-respondent.
CALOGERO, Justice.
This lawsuit presents a pair of issues, the first being whether a workman's compensation lawsuit is premature if brought one week after the discontinuance of compensation payments and without the claimant's prior demand to have compensation payments resumed, where the insurer in discontinuing benefits relies exclusively on a doctor's medical report written six weeks before termination of compensation and reciting that plaintiff "will be able to return to regular work" on a given date six weeks thereafter. Assuming the lawsuit is not premature, the second issue is whether defendant's failure to pay, or discontinuance of compensation payments, was arbitrary, capricious, or without probable cause so as to warrant judgment in plaintiff's favor for attorney's fees.
For the reasons which follow we hold that the lawsuit was not premature and that defendant's discontinuance of payment of compensation was without probable cause, if not arbitrary and capricious, entitling plaintiff to a judgment for attorney's fees.
The facts giving rise to this case are more fully set forth in the Court of Appeal opinion. Patton v. Silvey Co. et al., 385 So.2d 537 (La.App. 3d Cir. 1980). Recited in this opinion will be certain particularly pertinent facts along with some events not discussed in the opinion of the Court of Appeal.
At the time of the injury, plaintiff was employed as a logger with the Palmer-Jones Timber Company. On May 9, 1978, while operating a tractor in the course and scope of his employment, plaintiff was seriously injured when a tree limb was in some way propelled by the wheels of his tractor and punctured his abdomen. Surgery was performed on the day of the accident. The trial court's judgment that plaintiff was on the date of trial permanently and totally disabled as a result of the injury is not in dispute at this point in the litigation.
Dr. John, who performed the surgery on plaintiff, wrote defendant the following letter dated October 18, 1978:
"To whom it may concern:
Jack Patton will be able to return to regular work on November 30, 1978. Thank You.
From Dr. John's Office."
In reliance on this letter, defendants terminated plaintiff's compensation benefits as of November 29, 1978.[1] Plaintiff was seen by Dr. John on November 30, 1978 at which time Dr. John determined that plaintiff would require an additional three months to recover. Plaintiff's attorney was apparently informed of this fact. He initiated this lawsuit on December 8, 1978. (Counsel was formally notified of the doctor's findings in *724 writing by report dated December 14, 1978.) The insurer, on the other hand, was not advised of the latest findings of the examination by either Dr. John or plaintiff's attorney until January 8, 1979. On January 10th, two days after this notification in the form of a letter by Dr. John and on the very morning of trial, the insurer tendered compensation benefits from November 28, 1978 up to date.
The district court reserved ruling on defendants' exception of prematurity until trial on the merits.[2] The court found the plaintiff to be permanently and totally disabled, that the termination of benefits on November 28th had been arbitrary and capricious, and inferentially that plaintiff's suit was not premature. The trial judge awarded, besides a judgment of permanent and total disability and weekly benefits, twelve percent penalties[3] and $3,000.00 attorney's fees.
The Court of Appeal reversed, sustaining the defendant's exception of prematurity and dismissing plaintiff's petition as of non-suit. The Third Circuit, relying on Jack v. Fidelity and Casualty Co. of New York, 306 So.2d 806 (La.App. 3d Cir. 1975), and Malone, Louisiana Workman's Compensation Law and Practice, § 383, p. 490 (1951),[4] focused on three considerations recited in that opinion for determining whether under R.S. 23:1314 a claimant's suit is premature in a situation where there is termination of compensation followed by resumption of benefits. As stated by the Third Circuit in Jack, supra, "... the decisive factors in determining whether the employer can maintain his exception of prematurity are the reasonableness of his action in ceasing to make payments, his promptness in resuming them, and the manifestation of a desire to cooperate in making the payments which are legally due the claimant..."
Our workman's compensation statute requires that to avoid the employer's exception of prematurity the workman must allege and be able to prove that, at the time suit is filed, he "is not being or has not been paid, and that the employer has refused to pay" the benefits to which the claimant is entitled; he must show that his allegations are with "... reasonable cause or foundation in fact...", or else similarly have his suit dismissed as premature. The question of whether or not his allegations are "... justified under the facts shall be determined by the court..." R.S. 23:1314.[5]
One possible construction of these provisions of R.S. 23:1314 is that justification "under the facts" for the claimant's allegation *725 of nonpayment concerns whether plaintiff is or is not being paid his compensation, whether the employer has or has not refused to pay. Thus, according to this interpretive version of the statute, most favorable to plaintiff, if he is not being paid at the institution of suit, his suit is not premature.
An alternate interpretation which we consider more reasonable and appropriate is that justification "under the facts" coupled with the outset requirement, among others, that plaintiff must allege and prove "the employer has refused to pay" requires the court to determine more than simply whether plaintiff is receiving compensation; rather, the court must determine whether the employer has unreasonably determined to terminate benefits, or has unreasonably refused to pay.
It is by virtue of the latter interpretation that Malone espouses and Jack v. Fidelity and Casualty Co. of New York, supra, has applied the three considerations noted above, namely whether there existed a reasonableness in ceasing to make payments, promptness in resuming them, and manifestation of a desire to cooperate.
Because in a case such as this where suit is filed shortly after termination, a defendant's resumption of payment and manifestation of willingness to cooperate is possibly prompted by the plaintiff's institution of suit, with defendant attempting to enhance its defense of prematurity, and considering that the exception of prematurity "... must be determined according to the facts and circumstances which existed at the time the suit was filed[6]...", our focus is necessarily on only the first of the three considerations mentioned above, namely, whether defendant's termination of benefits was reasonable.
The trial court concluded that the termination of payments was not reasonable on the part of the defendant, but rather was arbitrary and capricious. We agree with that determination, at least to the extent that defendant's actions are characterized as unreasonable. Plaintiff had sustained from the abdominal puncture wound what Dr. John characterized a serious injury involving extensive damage to the abdominal muscles from slightly right of midline well into the left lumbar region. The doctor testified that treatment involved major surgery to remove devitalized and bruised musculature. In terminating payments less than six months after injury, defendants chose to rely on the report of Dr. John which was obviously a mere prediction of plaintiff's anticipated progress, a report given six weeks before the date of termination. The defendants cite to this Court the case of Brady v. Triangle Timber Co., 353 So.2d 311 (La.App. 1st Cir. 1977), for the proposition that an employer is not unreasonable in relying on a positive physician's report in terminating benefits. A close examination of that case reveals that there was no prediction or forecast of recovery, as here. Rather the doctor's report in Brady, supra, attested to the claimant's health in the present tense, as of the date of the report.
There is nowhere in the jurisprudence authority for an employer to rely on a treating physician's prognosis, by its very nature an equivocal statement of the claimant's future condition. The unreliability of prognostication should be especially evident where, as in the instant case, the report is rendered so far in advance of the expected date of recovery. Defendant's assertion of the reasonableness of its action is further undermined by the fact that a current and unequivocal account of plaintiff's condition was obtainable on November 30, 1978, by means of a simple telephone call to the office of Dr. John.
The termination of compensation by defendant in this case was at a time when plaintiff was still disabled. And because there was simply a reliance on a prediction six weeks prior, the termination was unreasonable and in violation of the employer's duty to pay. Accordingly, we conclude that plaintiff's allegation in the trial court of the nonpayment of compensation was fully justified *726 under the factsplaintiff was, in fact, not being paid and the employer had unreasonably terminated payment to which plaintiff was entitled under the law. Hence, the trial judge's determination of the issue of prematurity under R.S. 23:1314 was correct; the exception was not well founded and should not have been sustained by the Court of Appeal.
Next is the issue of the trial court's award of attorney's fees of $3,000.00 and the Court of Appeal's reversal of that portion of the judgment.
The law provides for the payment of reasonable attorney's fees[7] where the failure on the part of the employer to provide compensation benefits is arbitrary, capricious, or without probable cause. R.S. 23:1201.2. Unlike those attorney's fees limited by R.S. 23:1141 (the attorney's fee portion of the plaintiff's award is there limited to twenty percent of the first $5,000.00 and ten percent of the excess), the only restriction on the amount of attorney's fees to be assessed directly against the insurer and/or employer for arbitrary failure to pay is that they be reasonable. "The [R.S. 23:1141] limitation is intended as a protection to the employee. Where, however, the fee is assessed as a penalty payable by the insurer, the purpose of the limitation disappears and is to be ignored, and the fee can be fixed by the court according to LSA-R.S. 22:658." Malone, Louisiana Civil Law Treatise, vol. 14, § 389, p. 284 (1980).
In this case, the trial court found the failure to pay to be arbitrary and capricious and awarded attorney's fees in the amount of $3,000.00. Inasmuch as the statute allows the assessment of attorney's fees if the failure to pay is arbitrary, capricious, or without probable cause, we conclude that the fees were properly allowed. Having concluded relative to consideration of the prematurity exception that termination was not reasonable we find equally that the termination was at least without probable cause, if not arbitrary and capricious. Plaintiff is entitled therefore to reasonable attorney's fees.
Plaintiff claims the $3,000.00 award to have been proper for legal services in the district court and asks for an additional fee for services thereafter. The defendants contend that $3,000.00 is excessive for services rendered in the trial court.
An award to plaintiff against defendant of $3,000.00 in attorney's fees for required legal services in the trial court, in the Court of Appeal and in this Court, we determine to be reasonable and proper.

Decree
For the foregoing reasons the judgment of the Court of Appeal is reversed, the defendant's exception of prematurity is overruled, and the trial court judgment including attorney's fees in the amount of $3,000 is reinstated, except insofar as that judgment imposed "penalties as provided by law."
JUDGMENT OF THE COURT OF APPEAL REVERSED; TRIAL COURT JUDGMENT, AS AMENDED, REINSTATED.
MARCUS, J., dissents, and assigns reasons.
BLANCHE, J., dissents, being of the opinion that the judgment of the court of appeal is correct.
WATSON, J., dissents, being of the opinion that the Court of Appeal was correct.
MARCUS, Justice (dissenting).
I am unable to say under the facts of this case that defendant's termination of benefits was unreasonable. Hence, I agree with the court of appeal that the suit was premature. Even assuming otherwise, I do not *727 consider that the failure to provide compensation benefits was arbitrary, capricious or without probable cause warranting the award of penalties and attorney's fees. Accordingly, I respectfully dissent.
NOTES
[1] Apparently, through some technical error, benefits were terminated one day early. This fact is considered by this Court to be of no significance in the disposition of this case.
[2] Of course, a ruling with respect to the exception of prematurity would more properly have been made prior to the court's proceeding with other matters, as R.S. 23:1314 mandates as much. The error is moot, however, in view of our finding that the result of the court's ruling, though made at a belated point in the trial, was correct.
[3] Plaintiff relator did not in this Court assign as error the Court of Appeal's reversing the trial court's judgment awarding "penalties as provided by law", nor does plaintiff argue in brief his entitlement to such penalties. For these reasons, we do not address that issue.
[4] This work, in its more current version, appears in the Louisiana Civil Law Treatise, Vol. 14, § 383 (1980).
[5] R.S. 23:1314 appears as follows:

"Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer's medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved."
[6] Jack v. Fidelity and Casualty Co. of New York, 306 So.2d 806 (La.App. 3d Cir. 1975). See also Malone, Louisiana Civil Law Treatise, vol. 14, § 383, p. 236 (1980).
[7] The law also provides for the payment of penalties in the amount of twelve percent of the unpaid claim for an insurer's (R.S. 22:658) or for an employer's (R.S. 23:1201.2) failure to pay when the failure is found to be arbitrary, capricious, or without probable cause. However, as we noted in footnote 1, supra, the matter of penalties is one no longer here at issue because of plaintiff's failure to have complained to this Court of the Court of Appeal's reversal of that award.