FORET, Judge.
Lynn Duncan (appellant) instituted this workmen’s compensation action against the Roekwood Insurance Company (appellee), which was the workmen’s compensation insurer of the State of Louisiana, Department of Transportation and Development, appellant’s employer at the time of his injury.
The trial court rendered judgment in favor of appellant awarding workmen’s compensation benefits, but denying plaintiff’s claim for penalties and attorney’s fees.
The sole issue on appeal is whether plaintiff-appellant is entitled to recover penalties and attorney’s fees.
Appellant contends that appellee acted in an arbitrary and capricious manner when it failed to pay the amounts claimed by appellant, which he asserts were clearly due him under the workmen’s compensation law. Essentially, the dispute between the parties centered around the method of computing the amount of benefits to which appellant was entitled.
Appellant’s position was that he was entitled to payment of workmen’s compensation benefits for 125 weeks at the minimum rate of $43.00 per week. Appellee, on the other hand, felt that appellant was entitled to $141.00 per week for a period of 18 weeks. Thus, appellant was of the opinion that he was entitled to a total award of $5,375.00, while appellee set his recovery at $2,538.00.
Appellee sent appellant a check for $2,538.00, but refused to pay him any more than that. The trial court eventually determined that under the relevant statutes and jurisprudence appellant was entitled to an award of $5,375.00 and no issue is raised regarding that portion of the judgment.
LSA-R.S. 22:658 provides, in pertinent part:
“§ 658. Payment of claims, policies other than life and health and accident; penalties
All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount.”
The medical evidence is very simple and uncomplicated. While in the course and scope of his employment as stipulated to between the parties, on April 3, 1979, plaintiff sustained an accidental injury to his left ankle when he slipped and fell. Immediately following the accident, he was taken to the Baton Rouge General Hospital and treated by Dr. Herbert K. Plauche, a specialist in the field of orthopedic surgery. As a result of the accident and resulting injury, plaintiff was required to keep his ankle wrapped with an Ace bandage, soak his ankle periodically and use crutches to walk for approximately 3V2 weeks. Even so, plaintiff continued to work for his employer and was paid his full salary, but he *687 has continued to have problems with his ankle.
Dr. Plauche is the only physician that plaintiff saw, so therefore there is no real conflict in the medical evidence. The reports of Dr. Plauche, the first dated September 13, 1979, and the second dated April 29, 1980, were introduced into evidence in lieu of his appearing and testifying at trial. Dr. Plauche’s report of September 13, 1979 stated that he anticipated that appellant “should have an uneventful recovery and subsequently suffer no permanent disability as a result of his injury”. Nevertheless, plaintiff filed suit for workmen’s compensation benefits alleging that he continued to have problems with his left ankle. On April 29, 1980, approximately one month after suit had been filed against the appel-lee, Dr. Plauche filed another report in which he said that in his opinion appellant suffered a 10% permanent physical impairment and loss of physical function of his left ankle. There is no other medical evidence in the record, nor is there any evidence that the defendant attempted to obtain any other medical evidence. It was therefore undisputed that certainly as of April 29, 1980, defendant-appellee was aware of the permanent physical impairment and loss of physical function diagnosed by Dr. Plauche.
The trial judge found as a matter of fact that the appellee-insurer was not arbitrary and capricious in making an offer to settle of $2,538.00 (for which it tendered its check to plaintiff, which was refused), based on the defendant’s computation of plaintiff’s entitlement to be $141.00 per week for a period of 18 weeks.
We are of the opinion that the trial court correctly found that plaintiff was entitled to 10% of wages for a period of 125 weeks under LSA-R.S. 23:1221(4)(p) and that inasmuch as the 10% of wages was less than the minimum workmen’s compensation benefits payable, $43.00, that plaintiff was entitled to the amount of $5,375.00. Hamilton v. Georgia Pacific Corporation, 344 So.2d 400 (La.App. 1 Cir. 1977); Clarius v. Fogleman Truck Lines, Inc., 367 So.2d 1264 (La.App. 3 Cir. 1979).
We disagree with the trial court, however, in its refusal to award penalties and attorney’s fees. Any uncertainties about the interpretation of the statute that the defendant-appellee may have had were certainly resolved, in our opinion, by Hamilton v. Georgia Pacific, supra; Clarius v. Fogleman Truck Lines, Inc., supra, and cases cited therein. Additionally, however, and even if we found, as the trial court did, that the defendant-appellee was not arbitrary and capricious in offering less than that which was ultimately awarded, we note the recent Louisiana Supreme Court decision of Patton v. Silvey Companies, 395 So.2d 722 (La.1981).
In Patton, a question arose as to the arbitrariness or caprieiousness of the defendant-insurer in terminating compensation benefits to the plaintiff, based on a medical report indicating that plaintiff could return to work within a few weeks with no disability. The Supreme Court stated that:
“Inasmuch as the statute allows the assessment of attorney’s fees if the failure to pay is arbitrary, capricious, or without probable cause, we conclude that the fees were properly allowed.”
Patton further said:
“There is nowhere in the jurisprudence authority for an employer to rely on a treating physician’s prognosis, by its very nature an equivocal statement of the claimant’s future condition. The unreliability of prognostication should be especially evident where, as in the instant case, the report is rendered so far in advance of the expected date of recovery.”
In the case at bar, not only did the insurer rely on the treating physician’s prognosis, but it also simply disregarded the statute involved, and the jurisprudence interpreting the statute. Therefore, we are of the opinion that, as the Supreme Court found in Patton, supra, the insurer-appellee in this case was unreasonable, and had no probable cause for its failure to pay the *688 plaintiff the amount of $5,375.00. Accordingly, we reverse the judgment of the trial court in its denial of attorney’s fees and penalties.
For the reasons above stated, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Lynn Duncan, and against Rock-wood Insurance Company, for attorney’s fees in the amount of $2,500.00, and for 12% penalties on the amount of $2,837.00, the difference between the amount paid or tendered and the amount found to be due; in all other respects, the judgment of the trial court is affirmed.
All costs of this appeal are taxed against Rockwood Insurance Company, defendant-appellee.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.