411 So.2d 611 (1982)
Judy COLLINS
v.
McDONALD'S CORPORATION.
No. 14549.
Court of Appeal of Louisiana, First Circuit.
March 3, 1982.
Charles R. Moore, Moore & Walters, Baton Rouge, for plaintiff & appellee.
*612 Vincent P. Fornias, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for defendant & appellant.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
Plaintiff, Judy Collins, filed this workmen's compensation action seeking reinstatement of benefits for total and permanent disability. Plaintiff also asserted a right to penalties and attorney fees, due to allegedly arbitrary and capricious action of her employer, McDonald's Corporation, in terminating her benefits. Defendant answered in the form of a general denial. However, shortly before the date set for trial, defendant brought plaintiff's workmen's compensation benefits up to date. The case went to trial solely on the issue of plaintiff's entitlement to penalties and attorney's fees. The trial court subsequently issued written reasons for judgment, finding that defendant had been arbitrary and capricious in terminating benefits, and, accordingly, awarded plaintiff $2,500.00 in attorney fees, together with statutory penalties. Defendant has taken the instant appeal from that judgment of the trial court.
On October 24, 1977, plaintiff sustained a work-related back injury while in the employ of defendant. As a result, defendant began paying workmen's compensation benefits to plaintiff in the amount of $73.37 per week, and continued doing so until August 30, 1979.
Plaintiff's injury consisted of a disc herniation at the L4-5 interspace of her spine. As a result, she underwent surgery in November of 1977, consisting of a laminectomy of the disc at the L4-5 interspace. The operation did not completely solve plaintiff's back problems, and she underwent surgery for the removal of her disc at L3-4 level and a lumbosacral fusion in November of 1978.
During the period from the date of her injury until the date her benefits were terminated, plaintiff primarily consulted two physicians, Dr. J. Thomas Kilroy, an orthopedic specialist, and Dr. James A. Poche, a neurosurgeon. Defendant had continuously paid benefits during that period, based upon the reports of these two physicians. However, in May of 1979, Dr. Kilroy sent a report to defendant's adjuster, Denis J. Webre, indicating that he had examined plaintiff on May 17, 1979, and that: "At that time, I discharged her from this office with no restrictions and told her to return to Dr. James Poche, for a final evaluation." Dr. Kilroy further indicated that he was leaving any final disability rating to Dr. Poche, since he felt that the lumbosacral fusion had been a success and that no restrictions of activity were warranted.
Mr. Webre interpreted the May report from Dr. Kilroy to mean that plaintiff could return to work with no disabilities. Mr. Webre then sought further clarification of plaintiff's condition from Dr. Poche. On August 22, 1979, Dr. Poche sent a report to Mr. Webre, which indicated that he had discharged plaintiff from his care on November 13, 1978, and that at that time she was doing quite well. Dr. Poche further stated that plaintiff's "final prognosis and residual disability would appear to have more bearing in regards [to] her lumbar fusion and this information can be obtained from Dr. Kilroy."
Mr. Webre interpreted Dr. Kilroy's report of May 24, 1979, to mean that plaintiff was able to return to work. Mr. Webre felt that Dr. Poche's report of August 22, 1979, confirmed his interpretation. Hence, Mr. Webre sent plaintiff's attorney a letter on September 4, 1979, notifying him that defendant was terminating workmen's compensation benefits for plaintiff, effective August 30, 1979.
The sole issue on appeal is whether or not the trial court erred in awarding plaintiff penalties and attorney fees.
In its written reasons for judgment, the trial court found that "defendant terminated compensation without any just cause and that its termination was arbitrary under the circumstances entitling plaintiff to attorney fees and penalties." This formulation of the trial court is consistent with the *613 requirements set out in Guillory v. Travelers Insurance Company, 294 So.2d 215 (La. 1974), i.e., that penalties and attorney fees should only be imposed in instances wherein the insurer discontinued workmen's compensation payments arbitrarily, capriciously, or without probable cause. The lower court's decision on penalties and attorney fees is essentially a question of fact, Cryer v. Gulf Insurance Company, 276 So.2d 889 (La.App. 1st Cir. 1973), and should not be reversed, unless a review of the entire record reveals that its finding was clearly wrong. Lucito v. Louisiana Hospital Service, Inc., 392 So.2d 700 (La.App. 3rd Cir., 1980); Gauthier v. Employers National Insurance Company, 316 So.2d 769 (La.App. 1st Cir. 1975), writ denied, 320 So.2d 911 (La.1975).
In the instant case, defendant terminated plaintiff's benefits on the basis of the May 24th report of Dr. Kilroy and the August 22nd report of Dr. Poche. While Dr. Kilroy's report indicated that he was placing no restrictions of activity upon plaintiff, he stated that he was deferring any assignment of disability to Dr. Poche. Dr. Poche's August 22nd report was silent as to plaintiff's ability to return to work and indicated that any disability should be determined by Dr. Kilroy. These reports were somewhat ambiguous and neither report indicated that plaintiff was not in fact disabled from returning to work. These reports were at best incomplete.
We find no manifest error in the trial court's ruling that the insurer's actions in terminating plaintiff's compensation benefits constitute arbitrary, capricious or unreasonable behavior under this statute. Horn v. Vancouver Plywood Company, 322 So.2d 816 (La.App. 3rd Cir. 1975).
For the foregoing reason, the judgment of the trial court is hereby affirmed. All costs, both at trial and on appeal, are to be paid by McDonald's Corporation, defendant-appellant.
AFFIRMED.