412 So.2d 708 (1982)
Maxine Dugas HUTCHINSON, Plaintiff-Appellee,
v.
T. G. & Y. STORES COMPANY, et al., Defendants-Appellants.
No. 8660.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1982.
Rehearing Denied April 29, 1982.
*709 Davidson, Meaux, Sonnier & Roy, V. Farley Sonnier, Lafayette, for defendants-appellants.
Chappuis & Beslin, Denald A. Beslin, Rayne, for plaintiff-appellee.
Before FORET, CUTRER and DOUCET, JJ.
DOUCET, Judge.
This is a workmen's compensation case. The trial court found plaintiff, Maxine Hutchinson, to be totally and permanently disabled as the result of an accident on December 15, 1979, in the course and scope of her employment with T. G. & Y. Stores Company, Inc., defendant, and awarded penalties and attorney's fees. This default judgment was thereafter confirmed. Defendant now appeals, assigning as error the plaintiff's failure to prove lack of intervening cause, and the award of penalties and attorney's fees. As we find no merit in either specification of error, we affirm.
Plaintiff was injured while lifting a bolt of fabric containing approximately 40 yards while working at defendant's store one Saturday evening. She reported the injury to her employer and thereafter consulted with her family physician, Dr. John J. Guidry, who treated her on a regular basis from December 18, 1979 until she was referred to Dr. James McDaniel, an orthopedic specialist, in March of 1980. Subsequently she visited Dr. Louis C. Blanda, also an orthopedic specialist, who treated plaintiff from April of 1980 through January 21, 1981. Thereafter she returned to her family physician who has continued to treat her. As of the trial date, neither Drs. Blanda nor Guidry had discharged plaintiff from their care. However, at the request of defendant, Ms. Hutchinson was seen on October 23, 1980 by Dr. Fred C. Webre, an orthopedic surgeon, who did discharge plaintiff and suggested she return to work as a clerk, because of the lack of specific clinical findings. Compensation benefits previously received were thereafter terminated by letter dated November 4, 1980.
Appellant contends that the trial court erred in confirming the default judgment inasmuch as no evidence was introduced to explain the effect of an automobile accident in which plaintiff was involved in August of 1980, subsequent to the work related injury. In other words, appellant seeks to shift the burden upon plaintiff to prove a negative lack of intervening cause such that would absolve the defendant of liability. We disagree.
In confirming a default judgment, plaintiff need only establish a prima facie *710 case. LSA-C.C.P. Art. 1702[1] In a workmen's compensation suit the employee must prove that he received a personal injury arising out of and in the course of his employment and that a causal relationship exists between the injury and his disability. Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976); Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978). Once done, the burden is shifted to the employer to prove the disability did not occur as a consequence of that accident complained of, but rather from some other cause. Haughton v. Fireman's Fund American Ins. Cos., 355 So.2d 927 (La.1978); Kridler v. Bituminous Casualty Corp., 409 F.2d 88 (C.A.La.1969); Graham v. Jones Bros. Co., Inc., 393 So.2d 861 (La. App. 2nd Cir. 1981). The record discloses ample evidence to establish a prima facie case of compensable injury warranting the award of workmen's compensation benefits. Accordingly, appellants claim that the subsequent accident may have aggravated plaintiff's injury is untimely.
Additionally, appellant contends that there is insufficient evidence to justify the award of penalties and attorney's fees. The record discloses that plaintiff reported her injury to her employer the next work day following its occurrence. Thereafter she was seen by Drs. Guidry, McDaniel, and Blanda and the employer paid such medical expenses until the examination by Dr. Webre. Following her visit with Dr. Webre all benefits were terminated, due to said physician's belief that, as there were no specific clinical findings, plaintiff should return to work. Thereafter, plaintiff requested her benefits be reinstated, and upon refusal of said request she retained an attorney who also demanded benefits be reinstated.
It is well established that injured employees may not be denied compensation on the basis of inconclusive medical reports. Alexander v. Dept. of Culture, Recreation and Tourism 410 So.2d 1286 (La.App. 3rd Cir. 1982); Wiley v. Southern Casualty Insurance Co., 380 So.2d 214 (La. App. 3rd Cir. 1980); Norris v. Southern Casualty Insurance Co., 342 So.2d 874 (La.App. 3rd Cir. 1977), writ denied, 344 So.2d 670 (La.1977). Not only was Dr. Webre's report inconclusive, but it was also contraindicated by plaintiff's continued supervision by Drs. Guidry and Blanda. Although Dr. Webre may possess more expertise than plaintiff's general practitioner, Dr. Guidry, great weight should be given to testimony of the treating physician who has a greater opportunity to examine and maintain a continuing monitoring of the patient's condition. Williams v. Liberty Mutual Insurance Co., 327 So.2d 462 (La.App. 3rd Cir. 1976).
For the reasons assigned, the judgment appealed from is affirmed. All costs taxed to appellant.
AFFIRMED.
NOTES
[1] Art. 1702. Confirmation of default judgment

A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the demand is for a sum due on an open account, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required.