ON APPLICATION FOR REHEARING
PER CURIAM.
In his application for rehearing plaintiff renews his claim for penalties and attorney fees, alleging that defendants arbitrarily and capriciously terminated plaintiff’s benefits. In our original opinion we neglected to dispose of this issue although we mentioned it in the opening paragraph.
We detailed Dr. Grunsten’s findings and opinion that plaintiff was no longer substantially disabled as of a February, 1980 examination. Defendants were entitled to rely on that report in terminating compensation. Crawford v. Al Smith P & H Service, Inc., 352 So.2d 669 (La.1977). Unlike the “inconclusive” report relied on by defendant in Hutchinson v. T. G. & Y. Stores Co., 412 So.2d 708 (La.App. 3rd Cir. 1982) Dr. Grunsten’s report was comprehensive and emphatic in concluding that plaintiff “magnified” his complaints based on his personal observation of plaintiff elevating his shoulder to 110° while disrobing and his measurement of the circumference of plaintiff’s arms which demonstrated that he had been working with the allegedly handicapped arm. Testimony by Dr. Nutik at trial provided the trial court with a basis to conclude that defendants were justified in devaluating his opinion comparing it to Dr. Grunsten’s.
The question of entitlement to penalties and attorney fees is largely a fact question to be resolved by the trial court. We have concluded that there was no manifest error in the trial court’s refusal to impose them on defendants.
The rehearing is denied.
DENIED.