KNOLL, Judge.
This workmen’s compensation suit was brought by Johnny Deters against his employer’s insurer, Commercial Union Insurance Company (hereafter Commercial), for wrongful reduction of workmen’s compensation benefits, penalties and attorney’s fees. Commercial filed an exception of prematurity which was referred to the merits. The trial court overruled Commercial’s exception and found Deters to be totally and permanently disabled, but denied his request for penalties and attorney’s fees. Deters brings this appeal from the judgment denying him penalties and attorney’s fees. Commercial has answered the appeal.
The issues presented on appeal are whether the trial court erred in its following determinations: (1) overruling the exception of prematurity; (2) finding Deters to be totally and permanently disabled; and (3) denying penalties and attorney’s fees.
FACTS
Johnny Deters was employed by Cloud Brothers as a pulpwood truck driver. On October 10, 1981, while in the course and scope of his employment, Deters was thrown from the rear of a pulpwood truck falling approximately ten feet, fracturing his left ankle. The day following the accident Deters received emergency treatment at Oakdale General Hospital by Dr. George B. Mowad, a general practitioner. Dr. Mowad referred Deters to Dr. Ray J. Beur-lot, an orthopedist in Alexandria.
Dr. Beurlot began treatment of Deters on October 13, 1981. He diagnosed Deters as fracturing his left ankle and prescribed a splint and medication. He placed Deters on crutches for two and one-half months. By January 15, 1982 the fracture was almost non-visible; Deters could drive, but was still experiencing considerable pain in his left ankle. On February 17,1982 Dr. Beur-lot determined that Deters had a 15% impairment of his left ankle with a possibility of improvement. He indicated that Deters would have difficulty walking on uneven ground. On March 11, 1982, Dr. Beurlot felt Deters was capable of returning to his normal activities as a pulpwood truck driver in spite of his impairment and complaints of pain in his left ankle.
Deters sought to return to work with Cloud Brothers but they were no longer hiring. He tried mechanic work, hauling grain in an eighteen wheeler and driving a one ton truck, all of which he was unable to do because of pain and swelling in his ankle.
On May 11, 1982 he saw Dr. Weiss an orthopedist in Alexandria, for a second opinion and further treatment. Dr. Weiss agreed with Dr. Beurlot’s evaluation of Deters. In Dr. Weiss’ attempt to alleviate Deters’ pain he prescribed a firm type boot with a leg brace and a steel plate. He allowed Deters to work until July 1982. On August 12, 1982 Dr. Weiss felt exploratory surgery was necessary to determine the cause of Deters’ pain and swelling in his ankle.
Exploratory surgery was performed by Dr. Weiss on September 10, 1982 which revealed an isolated tear of the anterior capsule, which was repaired by Dr. Weiss.
Deters received compensation at the rate of $183.00 per week from the date of injury *645 to April 1, 1982. His compensation was reduced to $55.00 per week from April 1, 1982 to July 20,1982 which was the amount for a scheduled permanent partial impairment. On July 20, 1982 compensation was resumed at $183.00 per week. On August 4, 1982 Deters received $2,304.00 representing payment of all delinquent compensation benefits from March 28, 1982 to August 1, 1982.
At the commencement of trial it was stipulated that Deters was totally disabled. However, the trial court was to determine the extent of the total disability.
PREMATURITY
Deters filed his petition on April 8, 1982 alleging that he was not being paid the maximum percentage of wages he was entitled to receive, and that the defendants refused to furnish him with copies of medical reports from Drs. Mowad and Beurlot.
An injured employee need only show the existence of one of the three following conditions to defeat an exception of prematurity: (1) he is not being paid the maximum percentage of wages he is entitled to receive, (2) he has not been furnished the proper medical attention, or (3) he has not been furnished copies of the medical reports after written request. LSA-R.S. 23:1314; Patton v. Silvey Companies, 395 So.2d 722 (La.1981); Ducote v. Harris, 335 So.2d 91 (La.App. 3rd Cir.1976).
The trial court relying on Ducote, supra, and Patton, supra, determined that Deters properly pleaded and substantiated his claim and overruled the exception of prematurity. The record fully supports the Court’s finding, therefore we will not disturb its ruling. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978).
EXTENT OF DISABILITY
In view of the lay testimony and the medical evaluations and opinions, we find the trial court’s finding is correct. Various witnesses testified to the substantial pain Deters experienced while attempting to work, which also limited his ability to perform. Drs. Beurlot and Weiss testified that they had never repaired an isolated tear of the anterior capsule before Deters. Dr. Weiss could not give a firm opinion as to the duration of Deters’ disability.
When a claimant is shown to be totally disabled at the time of trial and the duration of such disability is indefinite or not clear, a judgment for total and permanent disability should be awarded. Walker v. Gaines P. Wilson and Son, Inc., 340 So.2d 985 (La.1976). In the present case the medical evidence did not clearly indicate the duration of Deters’ disability.
On appellate review, great weight is given to factual conclusions drawn by the trial court, and will not be disturbed unless found to be clearly erroneous. Cadiere, supra; Crump v. Hartford Accident and Indemnity Co., 367 So.2d 300 (La.1979).
PENALTIES AND ATTORNEY’S FEES
Finally, Deters claims that since the trial court denied defendant’s exception of prematurity, the defendant was unreasonably delayed in the resumption of payment of maximum compensation benefits, therefore, penalties and attorney’s fees should be awarded. The trial court denied penalties and attorney’s fees.
Under LSA-R.S. 22:658, if the termination and failure to reinstitute payment are found to be arbitrary, capricious or without probable cause,.the insurer may be compelled to pay a penalty of 12% of the total amount of the claim, together with all reasonable attorney’s fees incurred in prosecution of the claim.
The total amount of delinquent benefits that Commercial eventually paid was $510.94, representing some medical and travel expenses. While Commercial was delinquent in paying these expenses, the overall evidence does not merit a finding of Commercial acting arbitrary and capricious. These were isolated instances.
The record clearly establishes that Commercial reduced Deters’ compensation benefits based on Dr. Beurlot’s medical report of *646 March 11, 1982. Deters ■ was allowed to work while under Dr. Weiss’ care until July 1982. When Dr. Weiss recommended that Deters stop working, compensation was promptly resumed at the maximum rate, retroactive to March 28, 1982. Initially Dr. Weiss did not feel that Deters would benefit from surgery. It was not until Dr. Weiss determined that he could not help Deters with conservative treatment that he recommended exploratory surgery. There has been no showing of arbitrary and/or capricious acts by Commercial.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to Commercial Union Insurance Company.
AFFIRMED.