KNOLL, Judge.
This appeal involves a workmen’s compensation suit. The sole issue for determination is whether the trial court properly maintained defendant’s exception of prematurity.
*900 FACTS
The plaintiff, Bernadine McMillan, was employed by Holloway Sportswear as a knit cutter. On January 28, 1982, while carrying a bolt of linen, McMillan slipped and fell, injuring her back.
Fireman's Fund, Holloway’s workmen’s compensation carrier, timely commenced paying weekly benefits at the rate of $97.33 based on a weekly wage basis of $146 per week, and paid all medical expenses incurred by appellant which totaled $12,493.85. Pursuant to appellant’s request, benefits were paid to her every fourteen days. The last check mailed to appellant was on March 31, 1983 and constituted payments due between March 25, 1983 and April 7, 1983. The next check mailed was dated April 27, 1983 and covered the three week period between April 8, 1983 and April 29, 1983.
Appellant filed suit on April 19, 1983 alleging wrongful termination of workmen’s compensation benefits. The appellee filed an exception of prematurity alleging that all medical expenses and workmen’s compensation benefits were paid timely with the exception of a two week interruption occurring in April of 1983.
PREMATURITY
In order to avoid an employer’s exception of prematurity, the Louisiana workmen’s compensation statute requires that the claimant allege and prove that, at the time suit is filed, the claimant “is not being or has not been paid, and that the employer has refused to pay” the benefits claimed. Further, the claimant must prove that the allegations are with “... reasonable cause or foundation in fact ...,” or else the suit will be dismissed as premature. The determination of whether the claimant’s allegations are justified under the facts shall be determined by the court. LSA-R.S. 23:1314.'
In Patton v. Silvey Companies, 395 So.2d 722 (La.1981), the court interpreted the provision “justification under the facts” contained in R.S. 23:1314 and stated:

“An alternate interpretation which we consider more reasonable and appropriate is that ‘justification under the facts’ coupled with the outset requirement, among others, that plaintiff must allege and prove ‘the employer has refused to pay’ requires the court to determine more than simply whether plaintiff is receiving compensation; rather, the court must determine whether the employer has unreasonably determined to terminate benefits, or has unreasonably refused to pay.

It is by virtue of the latter interpretation that Malone espouses and Jack v. Fidelity and Casualty Co. of New York, [306 So.2d 806 (La.App. 3rd Cir.1975)] has applied the three considerations noted above, namely whether there existed a reasonableness in ceasing to make payments, promptness in resuming them, and manifestation of a desire to cooperate. ” (Emphasis added).

To determine an exception of prematurity the court must go beyond the question of whether the claimant is receiving workmen’s compensation benefits. If a benefit has not been timely made, the trial court must inquire into the reasonableness of the termination of benefits. Accordingly we find the trial court was correct in determining that plaintiff’s action was premature.
Lisa Stephan, a senior claims representative for Fireman’s Fund, testified that plaintiff should have been sent a workmen’s compensation check on April 13, 1983 covering the period between April 8, 1983 and April 29, 1983. She reviewed plaintiff’s claim filed prior to April 9, 1983, and reprogrammed the computer to continue benefits to plaintiff. She later learned that the check for benefits covering the period of April 8,1983 to April 29,1983 had fallen out of the computer and had not been sent to plaintiff. A new check was immediately issued covering the period of April 8, 1983 to April 29, 1983. There is no testimony that Fireman’s Fund ever unreasonably refused to provide workmen’s compensation benefits due plaintiff.
*901 We are mindful of our decision in Fredericks v. Associated Indemnity Corporation, 401 So.2d 575 (La.App. 3rd Cir.1981), but note that it is distinguishable on the facts. In Fredericks, supra, compensation benefits were not paid because the computer was not reprogramed to continue payments. In the present case the computer had been reprogrammed to continue payments.
We find the record supports that Fireman’s Fund has not refused to pay the benefits to the appellant nor has it acted unreasonably.
For the foregoing reasons the judgment of the trial court dismissing plaintiff’s suit on the exception of prematurity is affirmed.
AFFIRMED.