LOTTINGER, Judge.
This is a worker’s compensation suit by Ambrose J. Matherne against the Livingston Parish Police Jury and its insurer, Morrison Assurance Co., Inc. seeking unpaid benefits, penalties and attorney’s fees. From a judgment in favor of plaintiff, defendants appeal.
On April 16, 1981, while employed by the Livingston Parish Police Jury, plaintiff stepped in a hole injuring his right knee. Defendant began paying disability benefits from the date of injury until June of 1982, when it began to pay compensation based on a schedule disability. Defendant based this change in benefits upon a medical report from the treating physician, Dr. Bolton, assigning a 10% disability of plaintiff’s right leg. Benefits were later resumed when plaintiff underwent arthroscopic surgery. Benefits for total disability were again cut off in December, 1982 until February, 1983. Benefits were again resumed when plaintiff underwent surgery to repair cartilage and ligament damage to the knee.
After the first “gap” period when plaintiff was being paid schedule benefits, plaintiff filed suit to bring the payments up to date. During the pendency of the suit defendant again discontinued disability payments resulting in the second “gap” *1363 period. These gaps in payments total $2,300.00. Neither party disputes the amount which would be due plaintiff under total disability.
Both defendants and plaintiff filed appeals from the trial court’s judgment.
Defendants’ assignments of error include:
(1) the trial court erred in failing to sustain defendants’ exception of prematurity;
(2) the trial court erred in finding plaintiff temporarily-totally disabled;
(3) the trial court erred in finding defendants arbitrary and capricious in terminating plaintiff’s benefits and in casting defendants in judgment for penalties, attorney’s fees, and costs.
Plaintiff’s assignments of error include:
(1) the trial court erred in classifying plaintiff as temporarily-totally disabled rather than permanently-totally disabled.
(2) the trial court erred in awarding only $1,000.00 in attorney’s fees.
DEFENDANTS’ ASSIGNMENT OF ERROR NO. 1
In this assignment defendant argues the trial judge erred in not sustaining its exception of prematurity. Defendant also asserts that the trial court erred in not considering the exception of prematurity before the trial on the merits.
Defendant filed an exception of prematurity in the trial court. The trial judge decided to go ahead with trial of the matter on the merits choosing to decide the exception of prematurity at some later point. La.R.S. 23:1314 provides that in an employee’s compensation suit an exception of prematurity shall be determined by the court before proceeding with the hearing of the other issues involved, [emphasis added] This same issue was present before the Supreme Court of Louisiana in Patton v. Silvey Companies, 395 So.2d 722 (La.1981). This was a worker’s compensation case which involved a discontinuance of workmen’s compensation benefits. The defendant similarly filed an exception of prematurity in the trial court. The trial court reserved ruling on the defendant’s exception until trial on the merits. The court found the plaintiff to be permanently and totally disabled, that the termination of benefits had been arbitrary and capricious, and that plaintiff’s suit had not been filed prematurely. The court of appeal reversed the trial court’s ruling, sustaining the exception of prematurity and dismissing plaintiff’s petition.
The Supreme Court reversed the court of appeal and in a footnote, stated,
“Of course a ruling with respect to the exception of prematurity would more properly have been made prior to the court’s proceeding with other matters, as R.S. 23:1314 mandates as much. The error is moot, however, in view of our finding that the result of the court’s ruling, though made at a belated point in the trial, was correct.”
This result was followed in the case of Fredericks v. Associated Indemnity Corporation, 401 So.2d 575 (La.App. 3rd Cir. 1981). This case also involved a worker’s compensation case where compensation payments were discontinued. The trial judge referred an exception of prematurity to the merits. The court of appeal stated that the ruling on the exception of prematurity should have been made prior to trial on the merits according to La.R.S. 23:1314. The court further stated that, although it was error for the trial court to proceed as it did, the error was not such as to warrant a reversal in light of its opinion that the exception of prematurity should have been overruled.
We are of the opinion in the case at bar that the exception of prematurity should have been overruled under the facts of this case.
The factors in determining the validity of an exception of prematurity must be determined according to the facts and circumstances which existed at the time suit was filed. Vidrine v. Argonout-South-west Insurance Company, 166 So.2d 287 (La.App. 3d Cir.1964). ■
*1364 In determining whether a compensation suit is premature, factors to be considered are the reasonableness of the decision in ceasing to make payments; the promptness in resuming them; and the manifestation of a desire to cooperate in making payments which are due the claimant. Id; Jack v. Fidelity & Casualty Company of New York, 306 So.2d 806 (La. App. 3d Cir.1975).
The trial court ruled that defendant, Morrison Assurance, was arbitrary and capricious in terminating plaintiffs disability benefits. After a review of the record and evidence we cannot say the trial judge was clearly in error. The trial court considered the medical report of the treating physician, Dr. Bolton, to Morrison Assurance as not conclusive evidence that plaintiff no longer was disabled. The report merely stated that he recommends plaintiff try to seek a job that he can do because he was laid off his previous job. The report further stated that plaintiff continued to have pain in the knee, and that he was to see the patient six weeks later. At best this report is ambiguous as to whether plaintiff was no longer disabled by his injury.
Dr. Bolton filed a second medical report on plaintiffs progress. Again, he stated plaintiff continued to have pain in the knee, and he had no further medical treatment which to offer plaintiff. Dr. Bolton ended his report by placing a possible 10% eventual disability and that he was to see plaintiff again in eight weeks. This report also was considered inconclusive by the trial court. Injured employees may not be denied compensation on the basis of inconclusive medical reports. Hutchinson v. T.G. & Y. Stores Company, 412 So.2d 708 (La.App. 3d Cir.1982); Collins v. McDonald’s Corporation, 411 So.2d 611 (La. App. 1st Cir.1982).
Defendant was unreasonable in reevaluating plaintiffs disability status based on the medical reports of Dr. Bolton without considering the context in which they were written, namely that plaintiff continued to have pain; that plaintiff was continuing treatment under a physician’s care; and the demands of plaintiffs particular occupation as a laborer and truck driver.
This assignment of error is without merit.
DEFENDANTS’ ASSIGNMENT OF ERROR NO. 2 AND PLAINTIFF’S ASSIGNMENT OF ERROR NO. 1
In these assignments defendants contend the trial court erred in finding plaintiff temporarily-totally disabled due to his injury, and plaintiff contends the disability should have been classified as permanent-total disability.
After plaintiff sustained injury to his knee it was necessary that he undergo surgery on three different occasions and remain under a doctor’s care for an extensive period of time. The two gaps in disability payments, which are at the center of this proceeding, occurred prior to the time when plaintiff’s treating physician recommended the third surgery. This third surgery was an attempt to correct what was originally diagnosed as a badly sprained knee, when in fact it was discovered the cartilage surrounding the knee was detached requiring major reconstruction of the cartilage and ligaments.
The trial judge was not clearly in error in concluding plaintiff was totally disabled during the periods when disability was discontinued by defendant.
We are of the opinion, however, the trial court erred in determining plaintiff was temporarily-totally disabled at the time of trial. The jurisprudence is to the effect that in Louisiana when a court is convinced that the disability is total, but cannot determine the duration of the disability, the court must classify the disability as permanent. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La. 1976); Celestin v. Fireman’s Fund Insurance Company, 430 So.2d 1263 (La.App. 1st Cir.1983); Fredericks v. Associated Indemnity Corporation, 401 So.2d 575 (La. App. 3d Cir.1982).
*1365 Therefore, the trial court’s finding is amended to classify plaintiffs injury as permanent-total disability.
DEFENDANTS’ ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trial judge erred in finding defendants arbitrary and capricious in terminating plaintiff’s disability benefits and in casting them in judgment for penalties and attorney’s fees.
The issue of penalties and attorney’s fees in terminating plaintiff’s payments is closely related to the determination of the issue of the prematurity. We previously determined that the physician’s reports on plaintiff were somewhat ambiguous. Therefore, plaintiff was entitled to an award of penalties and attorney’s fees on the basis that defendant’s actions in terminating plaintiff’s disability benefits constituted arbitrary, capricious, and unreasonable behavior.
This assignment of error is without merit.
PLAINTIFF’S ASSIGNMENT OF ERROR NO. 2
In this assignment of error plaintiff asserts the trial court erred in awarding only $1000.00 in attorney’s fees.
Plaintiff has cited to this court several cases in which attorney’s fees have been awarded in excess of $3000.00. However, in this instance we do not find the trial judge was clearly in error by awarding $1000.00. The entire case consisted of a trial of short duration. The evidence presented by plaintiff consisted of two depositions and two witnesses which included plaintiff and his wife. Absent a showing that the trial judge was clearly in error the action of the trial court will be upheld.
This assignment of error is without merit.
Therefore, for the above and foregoing reasons, the judgment of the trial court is amended to classify plaintiff as permanently-totally disabled, and as amended is affirmed. Defendants are to pay all costs of this proceeding,
AMENDED AND AFFIRMED.