SAVOIE, Judge.
Plaintiff, Orville J. Hennan, appeals the trial court’s denial of workmen’s compensation benefits, as well as penalties, interest, and attorney’s fees incident thereto.
On August 4, 1980, plaintiff, while in the course and scope of his employment with defendant, Ethyl Corporation (hereinafter *494 referred to as Ethyl), had a portion of his left index finger traumatically amputated. As a result thereof, plaintiff sought the medical attention of Dr. Charles A. Strange, an orthopedic surgeon. Following a short period of convalescence, plaintiff returned to work on August 13, 1980. Although continuing to experience problems with his finger, plaintiff remained at work until November 17, 1982, when additional surgery was performed by Dr. Joe A. Morgan to alleviate plaintiffs complaints. Therein, the left index finger was amputated at the level of the middle phalanx. Following convalescence, plaintiff returned to work on March 7, 1983, remaining there until his retirement on February 1, 1985. During all periods of convalescence, Ethyl paid all medical costs incurred together with workmen’s compensation benefits in the sum of $2,368.00. Plaintiff also received a lump sum payment of $3,000.00.
Plaintiff filed suit on July 30, 1982, contending that he had lost partial use of his left hand and was now permanently and totally disabled from performing his regular duties. He further asserted that Ethyl had arbitrarily and capriciously refused to pay the compensation due. Based thereon, plaintiff additionally sought penalties, interest, and attorney’s fees. Ethyl generally denied plaintiff’s petition, contending that all benefits due had been paid.
In its oral reasons for judgment, the trial court found that plaintiff had failed to carry his burden of proof. Specifically, it found that plaintiff had sustained a scheduled loss for which more than sufficient compensation had previously been paid by Ethyl. Accordingly, it dismissed plaintiff’s suit at his cost.
On appeal, plaintiff asserts that the trial court erred in:
1. Failing to find that plaintiff was partially disabled under LSA-R.S. 23:1221(3), and alternatively,
2. Failing to find that plaintiff was entitled to a scheduled loss of his hand pursuant to LSA-R.S. 23:1221(4)(e).
Plaintiff first contends that the trial court erred in failing to find that his injury entitled him to 450 weeks of compensation under LSA-R.S. 23:1221(3). Additionally, he contends that his injury forced him into early retirement due to his inability to perform on the job. Said statute provided at the time pertinent hereto that:
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
* * * * * *
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of the injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond ... a maximum of four hundred fifty weeks for such partial disability resulting from an injury occurring on and after September 1, 1977; ... (Emphasis added).
Any determination of the period of disability is a question of fact. Further, it is well settled that the trial court’s findings of fact as to work-related disability, Bridgewater v. Crown Zellerbach, 449 So.2d 515 (La.App. 1st Cir.1984), and penalties and attorney’s fees, Collins v. McDonald’s Corporation, 411 So.2d 611 (La.App. 1st Cir.1982), are entitled to great weight and should not be disturbed on appeal absent manifest error.
Plaintiff testified that as a result of his injury he cannot now climb, hang chain-falls, or do any of those jobs required of *495 him. Such testimony was supported by that of several co-workers who stated that prior to the amputation, plaintiff was able to perform any assigned task. Thereafter, plaintiff and his co-workers testified that plaintiffs left side was so weak that he required assistance from his co-workers to perform any assigned task.
Contrarily, the record reflects that prior to the injury herein, plaintiff had sustained heart trouble and was placed on various work restrictions including climbing. Further, it discloses that plaintiff suffered from arthritis and was treated for same. Dr. Morgan stated that when requested to provide Ethyl with a medical evaluation, plaintiff asked him to advise Ethyl that he could not climb. The record also reflects that while plaintiff was unable to perform his duties as he had before the accident, his inability to perform was not so inadequate as to necessitate his termination from employment. With respect to his early retirement, the record reflects that plaintiff retired at the age of 64, some four (4) years after the accident. Plaintiff testified that Dr. MacCurdy, his heart doctor, also recommended that he retire. Such recommendation was based upon plaintiffs overall medical condition exclusive of the amputated finger. Moreover, the record reflects that plaintiff continued working at Ethyl until his retirement primarily in contemplation of an impending increase in retirement pay. Finally, the record reflects that plaintiff received compensation benefits during all his compensable periods.
Based upon these foregoing facts, we find that the trial court was not manifestly erroneous in concluding that plaintiff was not partially disabled under LSA-R.S. 23:1221(3) for any period other than that for which he has already been compensated. We agree that plaintiff sustained only a scheduled loss and was entitled only to benefits thereunder. Accordingly, this assignment of error is without merit.
Alternatively, plaintiff contends that he is entitled to partial disability for the loss of his hand as scheduled under LSA-R.S. 23:1221(4)(e), said benefits covering a period of 150 weeks. LSA-R.S. 23:1221(4)(e) provided at the time pertinent hereto that:
(4) In the following cases, the compensation shall be as follows:
* * * * $ sjt .
(e) For the loss of a hand, sixty-six and two-thirds percent of wages during one hundred fifty weeks.
However, in all cases wherein a claim is made for permanent partial loss of the use or function of a scheduled member, compensation shall bear such proportion to the amount calculated for the total loss of such scheduled member as the disability to such scheduled member bears to the total loss of the scheduled member. LSA-R.S. 28:1221(4Xo).
The record reflects that plaintiffs weekly wage was $441.60. Further, Dr. Strange testified that he would assign a ten (10%) per cent disability to plaintiff’s hand. Assuming arguendo that plaintiff was entitled to one hundred fifty weeks of compensation as provided in LSA-R.S. 23:1221(4)(e), total compensation would amount to $4,415.55 ($441.50 x 66⅜% X 10% X 150 = $4,415.55). Pursuant to stipulation, the record reflects that Ethyl has paid plaintiff the sum of $5,368.00 in compensation. We find that plaintiff having received compensation in excess of that to which he would be entitled even under LSA-R.S. 23:1221(4)(e), this assignment of error is totally without merit.
For the above and foregoing reasons, judgment of the trial court is hereby affirmed. Plaintiff, Orville J. Hennan is to pay all costs.
AFFIRMED.