JiDECUIR, Judge.
Plaintiffs, Emery James and Evelyn Smith, appeal the judgment of the trial court granting the exceptions of res judicata filed by defendants, City of Abbeville and Coregis Insurance Company. Because plaintiffs’ contentions are meritless, we affirm.
Plaintiffs allege that Emery Smith was injured on October 29, 1992, during the course and scope of his employment with the City of Abbeville by the intentional acts of his co-employees Larry Moore and Chris Saunier. Smith alleges that while he was seated in a chair, Moore and Saunier pushed the chair over causing him to fall and suffer a herniated disc injury. On the other hand, defendants contend that as a practical joke, Moore and Saunier were attempting to remove plaintiffs boots while plaintiff was seated, and the chair was lowered backwards to the floor. Plaintiff brought a claim for worker’s compensation benefits. A judgment was *1003 rendered in favor of defendants by the hearing officer for the Office of Worker’s Compensation. Plaintiffs subsequently filed suit in district court alleging an intentional tort. Prior |2to trial of the case sub judice, defendants filed exceptions of res judicata on the grounds that the issues of causation and course and scope of employment were fully adjudicated by the Office of Worker’s Compensation and plaintiff was not entitled to relitigate those issues. The trial judge granted the exceptions.
Plaintiffs contend that the trial judge committed error: (1) in granting the exceptions when the hearing officer acknowledged she lacked subject matter jurisdiction and; (2) in finding that a determination of causation by the hearing officer in a worker’s compensation case amounts to a finding of causation under standards for proof in a tort claim.
Plaintiffs, in an attempt to avoid the application of the doctrine of res judicata, misstate the hearing officer’s ruling. Therefore, we begin our analysis by a detailed review of the judgment and reasons for judgment of the hearing officer in the compensation claim. The first paragraph of the judgment states:
This matter came on to be heard on August 31, 1993, pursuant to regular assignment. This matter was limited to the issue of whether the disability of which claimant complains was caused by a work-related accident.. (Italics ours.)
The pertinent portions of written reasons for judgment state:
In workers’ compensation cases the claimant has the burden of proving by a preponderance of the evidence that the claimed disability is causally related to an accident that occurred in the course and scope of employment. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). See also Hutchinson v. T.G. & Y. Stores Co., 412 So.2d 708 (La.App. 3rd Cir.1982). In this case, the Court finds that the claimant has failed to sustain the requisite burden of proof. The claimant alleges that as the result of an incident where two co-employees dropped a chair in which he was seated two feet to the floor he suffered a herniated disc. The Court finds claimant’s testimony, in this regard, less than credible.
The two co-employees involved, as well as others, testified that the chair was not dropped to the floor, rather the two co-employees lowered the chair to the floor. One of the two co-employees testified that great care was taken in lowering the chair so as not to harm the claimant.
^Further, the claimant worked for approximately one month or more after the “chair incident” without complaints of pain or discomfort. The duties performed by the claimant were heavy manual labor ... Additionally, claimant worked numerous overtime hours, without complaints, after the “chair incident”.
Finally, the City contends that should this Court find that the claimant was injured as a result of the “chair incident”, he should not recover because the claimant and the two co-employees were engaged in horseplay at the time of the incident. The City avers that L.S.A.-R.S. 23:1031(0 absolves it from liability for injuries received during or as a result of horseplay between its employees. Section 1031(C) provides that:
C. An injury by accident shall not be considered as having arisen out of the employment and is thereby not covered by the provisions of this Chapter if the injured employee was engaged in horseplay at the time of the injury.
The evidence presented clearly indicates that at the time of the “chair incident” not only was the claimant involved in horseplay, he initiated the horseplay. Moreover, the circumstances giving rise to the “chair incident” were unrelated to the City’s business and solely personal to the claimant. For these reasons and the other afore-mentioned, this claim was dismissed with prejudice in the judgment rendered on September 29,1993. (Italics ours.)
Contrary to plaintiffs’ assertions, the judgment and reasons for judgment do not contain an acknowledgment by the hearing officer that she laeked jurisdiction over the subject matter. Nor do plaintiffs cite any legal authority in support of this argument. Nevertheless, a hearing officer unquestionably has subject matter jurisdiction in a worker’s compensation claim which includes *1004 the authority to determine whether an alleged injury occurred during or outside the course and scope of employment. In this case, the issues of causation and course and scope of employment were clearly adjudicated, and the hearing officer found that plaintiffs injury was not caused by a work-related accident.
Plaintiffs apparently argue that since the hearing officer found that at the time of the “chair incident”, plaintiff and his co-employees were engaged in horseplay, the hearing officer had no jurisdiction over the claim. The City of Abbeville asserted the ^provisions of La.R.S. 23:1031C as an affirmative defense. This statute does not divest the hearing officer of jurisdiction over a claim arising out of horseplay. The hearing officer clearly had jurisdictional authority to determine that the “circumstances giving rise to the ‘chair incident’ were unrelated to the City’s business and solely personal to the claimant”. Pursuant to La.Civ.Code art. 2320, in order for the City to be held vicariously liable for the acts of its employees, the acts complained of must have occurred within the course and scope of the injuring employees’ employment. Therefore, the hearing officer’s finding in this regard precludes relit-igation of that issue in the present case where plaintiffs contend that the City of Ab-beville is vicariously hable for the acts of its employees which allegedly gave rise to plaintiff’s injuries.
Finally, the burden of proof for causation in a worker’s compensation claim is the same as in a tort claim, i.e. preponderance of the evidence. This assignment is without merit and deserves no further comment.
The judgment of the district court is affirmed. Costs of appeal are assessed to plaintiffs-appellants.
AFFIRMED.
WOODARD, J., dissents with reasons.