364 So.2d 998 (1978)
Paula Fletcher CADIERE
v.
WEST GIBSON PRODUCTS COMPANY, INC., d/b/a West Brothers Gibson Discount Center and Morrison's Assurance Company.
No. 62050.
Supreme Court of Louisiana.
November 13, 1978.
Rehearing Denied December 14, 1978.
Stephen M. LaRussa, Gaidry & LaRussa, Houma, for plaintiff-applicant.
Larry P. Boudreaux, Thibodaux, for defendants-respondents.
DIXON, Justice.
Paula Fletcher Cadiere was employed as a salesperson at West Brothers Gibson Discount Center in Houma, Louisiana. On October 4, 1974 Ms. Cadiere was injured when the mannequin she was dressing fell and struck her in the head, causing her to jerk backwards. After reporting the incident to her employer, she immediately sought medical attention from Dr. Richard Haydel and complained to him of headache and nausea. Dr. Haydel prescribed an analgesic for her and she remained at home on the next two work days, Friday and Saturday, and on the following Monday. Ten weeks later, on *999 Christmas Eve, pains in Ms. Cadiere's back became so intense that she was taken to the emergency room at Terrebonne General Hospital. Her symptoms of back and leg pain were diagnosed as attributable to a ruptured disc, and a myelogram confirmed this opinion, revealing a defect at the L5 level on the right side below the L4-5 inner space, and another defect at the L5-S1 level. In March, 1975, an orthopedic surgeon, Dr. Dexter Gary performed a two-level laminectomy at both L4-5 and L5-S1 levels. The operation proved initially successful, but within a few months Ms. Cadiere began to suffer back and leg pains once again. After unsuccessful recourse to physical therapy, interspersed with psychiatric consultation, she underwent a second operation at Chalmette General Hospital by a Dr. Llewelyn.
On September 25, 1975 Ms. Cadiere filed suit for workmen's compensation benefits seeking total and permanent disability benefits. The trial judge rendered judgment in the plaintiff's favor, concluding that she was totally and permanently disabled. This judgment was appealed, and on February 13, 1978 the Court of Appeal reversed the trial court in an unpublished opinion. Writs were applied for by plaintiff and were granted on May 5, 1978. 357 So.2d 1160 (La.). We reverse.
The employee in a workmen's compensation action must establish by a preponderance of the evidence that he received a personal injury arising out of and in the course of his employment and that a causal relationship exists between his disability and that accident. Parks v. Insurance Company of North America, 340 So.2d 276 (La. 1976); Blazier v. Georgia-Pacific Corp., 301 So.2d 701 (3d Cir. La.App.1974). However, the burden of proof shifts to the defendant once the plaintiff shows that the accident and injury are causally connected without an intervening cause. Haughton v. Fireman's Fund American Insurance Companies, 355 So.2d 927 (La.1978).
At trial the plaintiff testified that she was hit on the head by the mannequin, an incident within the statutory definition of accident, R.S. 23:1021. The existence of the injury is well documented in the record and is not in dispute. Ms. Cadiere's testimony that the accident caused the injury is supported by the expert testimony of Dr. Gary who, in response to hypothetical questions, gave the opinion that a sudden jerking of the back could account for serious disc trouble at a later date. In further support of her contention, the plaintiff introduced the testimony of her relatives, and especially her grandmother with whom she lived, that she complained of back pains at frequent intervals after the October 4, 1974 accident.
The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Canter v. Koehring Co., 283 So.2d 716 (La.1973). "The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." Canter v. Koehring Co., supra at 724.
In overruling the trial court, the Court of Appeal appears to have been influenced by three factors: the testimony of Jackie Boudreaux and Georgia Deroche, co-workers with the plaintiff at the time of the accident; the ten week period after the incident during which the plaintiff sought no medical treatment for her back; and a preexisting injury caused to the plaintiff's back when she tried to move a recliner in 1970, and for which she was hospitalized for approximately two weeks with a back sprain.
Jackie Boudreaux, who had been assisting the plaintiff to dress the mannequin at the time of the accident, testified that Ms. Cadiere did not fall to her knees upon impact and could not have hit her back upon a *1000 dress rack because the racks were at least four feet behind her when she jerked back in response to being hit. She was supported in this statement by Georgia Deroche who was doing other work nearby. Both women testified that the plaintiff made light of the incident and complained only of a headache, if at all. However, neither was an eyewitness to the plaintiff's movements at the moment the mannequin struck her. Their testimony related to the degree of Ms. Cadiere's response to being hit by the mannequin and indicated that the plaintiff merely moved backwards when the figure struck her. Dr. Gary, however, testified that any quick jerking movement could significantly affect a preexisting back problem. The statements that the plaintiff was nonchalant after the incident were also contradicted by Ms. Cadiere's going to see her physician and her subsequent absences from work. In light of all the testimony adduced at trial, we cannot say that the trial court was clearly in error to discount the testimony of Jackie Boudreaux and Georgia Deroche and to award compensation to the plaintiff.
This same deference to the findings of fact and evaluation of witnesses' credibility made by the trier of fact should also control when considering the weight to be given the ten week period during which Ms. Cadiere did not seek medical attention. Ms. Cadiere testified that she saw no doctors because she was afraid that she would be dismissed from her position at West Brothers if she complained too greatly. Although the Court of Appeal may believe its own evaluation of this evidence to be as reasonable as that reached by the trier of fact, in the absence of clear error, which we cannot say is present from the record, the appellate court should not have substituted its judgment for that of the lower court.
As to the presence of preexisting back problems, the Court of Appeal seems to have ruled that the injury caused in 1970 precluded a finding that the plaintiff's present disability was work related and therefore compensable. However, the jurisprudence is clear that the employer takes the employee as he finds him, and that an employee's disability is compensable if a work related accident aggravates or accelerates a preexisting condition to produce disability. Crawford v. Al Smith Plumbing and Heating Service, Inc., 352 So.2d 669 (La.1977); Parks v. Insurance Company of North America, supra; Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973). Ms. Cadiere's and Dr. Gary's testimony sufficiently establishes the existence of an accident and the causal connection between the accident and the aggravation of any preexisting condition.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the district court is reinstated at defendants' cost.