388 So.2d 446 (1980)
Anthony J. DANNA, Plaintiff-Appellee,
v.
HOWARD GRIFFIN, INC., et al., Defendants-Appellants.
No. 14213.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
*447 Theus, Grisham, Davis & Leigh by R. L. Davis, Jr., Monroe, for defendants-appellants.
Bruscato & Loomis by Anthony J. Bruscato, Monroe, for plaintiff-appellee.
Before PRICE, MARVIN and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Anthony J. Danna filed suit against Howard Griffin, Inc. ("Griffin") and its liability insurance carrier for injuries allegedly sustained when plaintiff's Volkswagen struck the extended arm of Griffin's forklift. From a judgment in favor of plaintiff assessing total damages of $38,357.00, defendants appeal, asserting that the trial judge erred in (1) finding negligence on the part of Griffin's employees; (2) failing to find plaintiff contributorily negligent; (3) assessing excessive general damages; and (4) awarding plaintiff as an element of damages "loss of income."
Plaintiff answered the appeal, seeking an increase in the damage award.

Factual Context
Griffin operates a large commercial business in Monroe, Louisiana, that includes among its enterprises the sale of boats and motors. In connection with this endeavor defendant owns property on both sides of Miro Street, a two lane hard-surfaced street running east and west.
Just before noon on June 17, 1975 a tractor-trailer rig with a load of boats for delivery to Griffin was parked in the north lane of Miro Street near its intersection with St. John Street, a one-way thoroughfare for traffic traveling south. One of Griffin's forklifts, which was being used to unload the boats, was stalled because of a weak battery in a driveway across Miro Street from the stationary truck. The arms of the stricken forklift, measuring from 12 to 14 feet in length, protruded into Miro Street from the curb about 30 inches, were three or four feet high, and were covered by a dark carpet material.
While the vehicles were positioned as described in the Miro Street area, and before Griffin's employees could secure a battery for the stalled forklift, plaintiff made a right turn in his Volkswagen off St. John Street to proceed west on Miro Street, shifting into second gear at a speed of from 10 to 15 miles per hour. Since the large truck obstructed his traffic lane, plaintiff moved his car over into the opposite lane, whereupon the windshield on the driver's side of the Volkswagen struck the tips of the protruding arms of Griffin's stalled forklift, resulting in injuries to plaintiff.

*448 Liability

The defendant in Page v. Green, 306 So.2d 847 (La.App. 2nd Cir. 1975) had obstructed a highway by extending a cable across the road to pull a vehicle from a ditch. The only warning given to approaching motorists consisted of arm waving. Finding for the plaintiff, the court held:
"Considering that the winch cable, an object not usually encountered in the roadway, was difficult to see and presented an extreme danger to highway users, we find that these warnings were woefully inadequate, and that Green breached his legal duty to give warning commensurate with the danger presented."
Addressing the subject of the moving automobile driver's duty, the court in Adams v. Allstate Insurance Co., 212 So.2d 204 (La.App. 4th Cir. 1968), stated:
"... a motorist using ordinary care has the right to presume that the thoroughfare in front of him is free from unusual hazards. He will not be charged with negligence if he strikes an object which no person could reasonably suspect would be there and could not have seen in time by the use of ordinary care."
In this case the trial judge found that Griffin had violated its duty to "maintain warnings or flagmen in order that unsuspecting motorists will not find themselves in a hazardous or dangerous situation." On the plea of contributory negligence he concluded that "plaintiff could not have avoided the accident."
Since a review of the record convinces us that these factual findings are not clearly in error, we are mandated to leave them undisturbed. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978); Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978).
Obviously, the protruding of the forklift arms into Miro Street was a cause-in-fact of the accident. Griffin had a duty to warn motorists of this hazard by posting appropriate signs, signals and/or guards to protect against the specific risk of a vehicular collision with those arms. Since the required action was not taken, as found by the trial judge, the duty was breached. On the other hand, plaintiff's duty to observe and to avoid objects in the road does not extend to unexpected and practically invisible hazards. Therefore, he was not contributorily negligent. Consequently, the lower court correctly held defendants liable for plaintiff's damages resulting from the accident.

Quantum
It was established by the testimony of expert medical witnesses that as a result of his accident plaintiff had a bulging disc at the L-4 or L-5 level, characterized by Dr. Ray King, orthopedic specialist, as a "minimal protrusion." For this injury the trial court allowed general damages of $30,000.00. Since the record does not clearly reveal that there was an abuse of discretion in making this award, it must remain undisturbed. Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979).
Plaintiff complains that the lower court should have awarded $1,000.00 to pay for the cost of anticipated back surgery. In view of the time that had elapsed between the accident (1975) and the trial (1978) without surgery being performed, the trial judge apparently concluded that plans for the operation were too speculative. We do not disagree.
With respect to appellants' final specification of error, we find that the trial judge incorrectly characterized his $5,000.00 award as being for "loss of future income" when it should have been for "loss of future earning capacity." See Folse v. Fakouri, 371 So.2d 1120 (La.1979).
Since the record clearly established that plaintiff would experience some diminution in his earning capacity, the trial judge properly acted within his wide discretion in fixing this amount.
For the reasons set forth, we affirm the judgment of the lower court at appellants' cost.