LOTTINGER, Judge.
This is a workmen’s compensation proceeding wherein the mother of the deceased employee sues for death benefits, penalties and attorney’s fees. From a judgment awarding all three, the defendant has appealed.
In excellent written reasons for judgment, the trial court made the following findings of fact:
*1152 “Charles Walker Johnson, herein referred to as ‘deceased,’ was employed by the City of Baton Rouge and Parish of East Baton Rouge, as a refuse worker. The deceased’s job consisted of dumping garbage in a garbage truck as it would stop at various locations.
“On April 26,1978, the garbage truck the deceased was working on was picking up garbage at an apartment complex. The driver, Elijah Joseph, requested assistance since his truck was full. Willie Lee, Jr., a driver of another garbage truck and his helpers came to the complex to help.
“Elijah Joseph testified that Willie Lee, Jr., parked his garbage truck nearby and when he walked to the rear of his truck, the deceased and Willie Lee, Jr., were fussing. According to Joseph, Willie Lee, Jr., went to the cab of his truck and reappeared with a green sack from which he took a pistol and pointed it at the deceased. The fussing continued. Mr. Joseph advised the other employee to move back, and he then phoned his supervisor.
“Upon returning, Joseph stated the two were still fussing, however, the deceased now had a stick. Joseph lead [sic] the deceased away from Lee, took the stick and commenced talking to him. Joseph recalled that the deceased said: ‘He pulled a gun on me — he shouldn’t have done that.’
“Joseph stated after talking to the deceased for a short while, the deceased walked toward the back of their truck, picked up a bottle and threw it at Willie Lee, Jr.’s truck. When this occurred, Willie Lee, Jr., who was now in the cab of his truck, stuck a pistol out the window and shot the deceased, killing him instantly.”
The defendant employer denied recovery under La.R.S. 23:1081 which in pertinent part provides:
“No compensation shall be allowed for an injury caused (1) by the injured employee’s wilful intention to injure himself or to injure another ....
“In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this Section, the burden of proof shall be upon the employer.”
The trial court concluded “that the throwing of the bottle by Charles Walker Johnson was [not] a wilful act on his part to injure another, but merely an act to relieve frustration.”
In concluding that defendant was arbitrary and capricious in not making payment on the claim and thus subject to penalties and attorney fees, the trial court found that the adjuster for the defendant in investigating the incident talked to the Parish Attorney’s office and examined the police report (the police report was not introduced into evidence and thus neither the trial court nor this court knows what information was contained therein), but never spoke to an eyewitness to the incident.
In appealing, the defendant, City of Baton Rouge and Parish of East Baton Rouge, contends that the trial court erred (1) in awarding workmen’s compensation benefits, and (2) in awarding penalties and attorney fees.
ASSIGNMENT OF ERROR NO. 1
Defendant-appellant admits in its brief that the trial court used the proper test as found in Velotta v. Liberty Mutual Insurance Company, 241 La. 814, 132 So.2d 51 (1961), but reached the wrong conclusion. This is a fact question to which a “reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellant court may feel its own evaluations and inferences are as reasonable.” Cadiere v. West Gibson Products, 364 So.2d 998 (La.1978).
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
Defendant-appellant basically argues that the adjuster based his decision to deny compensation benefits on the law and facts, thus defendant was not arbitrary and capricious.
*1153 We are of the opinion that the trial court did not believe that the adjuster had looked at all of the important facts. The trial court found as a fact that the adjuster did not interview an eyewitness to the incident. The adjuster stated that he examined the police report, but without its introduction into evidence, there is no way of telling how much help it was to the adjuster. Thus we find this assignment to be without merit.
Therefore for the above and foregoing reasons the judgment of the trial court is affirmed with all costs in the amount of $362.23 to be paid by defendant-appellant. La.R.S. 13:5112.
AFFIRMED.