CARTER, Judge.
This is an action for workers’ compensation. The trial court granted plaintiff workers’ compensation benefits, finding that the fatal heart attack suffered by plaintiff’s husband arose out of and in the course of his employment with defendant, The Southland Corporation (Southland). Defendants Southland and American Motorists Insurance Company (American Motorists), Southland’s insurer, have appealed.
On the morning of August 22, 1979, Jeff Roberts, a sixty year old store manager, arrived at work at approximately 5:30 a.m., complaining of pain in his arm and chest, and appearing pale. At approximately 6:00 a.m. he collapsed and was taken by ambulance to Earl K. Long Hospital. When resuscitation efforts proved unsuccessful, Roberts was pronounced dead at 8:30 a.m. of cardiac arrest due to arteriosclerotic heart disease.
*97 Plaintiff filed this suit on April 2, 1980, seeking workers’ compensation benefits[1] for the death of her husband, Jeff Roberts. After a trial on the merits, the judge granted plaintiff recovery for both compensation and burial expenses and denied attorney’s fees and penalties.
The only issue on appeal is whether or not the heart attack, and resulting death, was causally related to the decedent’s employment.
The requirements for a successful workers’ compensation claim are set out in LSA-R.S. 23:1031, in pertinent part, as follows:
“If any employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated....”
In order for an employee to receive workers’ compensation benefits, he must receive a personal injury by an “accident”. Heart attacks have been found to satisfy this statutory requirement. Guidry v. Sline Indus. Painters, Inc., 418 So.2d 626 (La.1982); Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982); Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975).
Louisiana’s statutory workers’ compensation act contains dual requirements that there be an “accident” which must “arise out of and in the course of the worker’s employment.” It is this second requirement that plaintiff fails to establish in this case.
“Arising out of employment” contemplates the accident being the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Guidry, supra, citing Kern v. Southport Mill, 174 La. 432, 141 So. 19 (La.1932). Furthermore, this risk of employment from which injury resulted should be one greater than that occasioned by a person not engaged in the employment. Guidry, supra, citing Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256 (La.1917).
Thus, the question becomes whether the heart attack suffered by the deceased was the consequence of some increased job associated risk, and therefore can be said to have arisen out of the employment. There must be a causal connection between the employment and the accident. There is no requirement that the disabling accident be caused by extraordinary physical stress and strain; only that the usual and customary duties of the employee cause or contribute to a physical breakdown. Guidry, supra, citing Ferguson v. HDE, Inc., 264 La. 204, 270 So.2d 867 (La.1972), on remand, 274 So.2d 783 (La.App. 3d Cir.1973). We are unaware of any case in our jurisprudence to the effect that there is a presumption that a heart accident sustained at work is caused by the employment. Guidry, supra.
The burden is on the plaintiff to show by a preponderance of the evidence that the work effort, stress or strain in reasonable probability contributed in some degree to the heart accident.
In Guidry, supra, at page 633, the court stated the following concerning the effect *98 of the work condition on a pre-existing disease:
“If the physical exertion, stress, or strain on the job, and preceding the infarction, is no more than the worker would likely have experienced in a non-work situation, the attack may be the result of the natural progression of the pre-existing disease rather than the result of the employment activity.”

“For the heart accident to arise out of or be connected with the employment, the exertion, stress or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in every-day non-employment life15 (e.g., as compared to the more or less sedentary life of the average non-worker.)” (Footnote omitted) (Emphasis by Supreme Court)
Roberts arrived at work on the morning of August 22, 1979, appearing somewhat pale and tired, and complaining of pain in his arm and chest. Within minutes of his arrival and while checking inventory, he collapsed due to a cardiac arrest. Although Roberts was performing his usual and customary employment duties at the time of the attack, the medical evidence establishes that the causal connection between his employment and the accident, and resulting death, is lacking. At the trial on the merits, the only medical witness, Dr. James R. Calvin, reviewed Roberts’s death summary, death certificate and emergency room record, and testified as follows when questioned by plaintiff’s counsel regarding Roberts’s pre-existing heart condition:
“Q. Would it also be correct to say that the pre-existing condition developed into disability and ultimate death while he was in the 7-Eleven Store?
A. Yes, I guess we’d have to say that occurred while he was at the store. I don’t know how much I could additionally add here, but it also would have occurred if he remained at home or gone fishing or sat and read the newspaper and had a cup of coffee.”
Dr. Calvin’s testimony is uncontradicted that he did not believe any of the activities carried out by the deceased on that morning aggravated the already occurring heart attack or precipitated an earlier death. Dr. Calvin believes that for a number of years the deceased was experiencing a gradual diminishing blood supply to the heart and it happened to reach the critical point which resulted in ventricular fibrillation on that August morning.
The evidence establishes that Roberts’s employment activities on the day in question in no way contributed to or aggravated his pre-existing heart condition causing the ultimate heart attack and death. The plaintiff has failed to establish a causal relationship between the deceased’s employment and the lifetaking heart attack on August 22, 1979. We conclude that Roberts’s cardiac arrest, and ensuing death, did not arise out of his employment. His widow, the plaintiff, is therefore not entitled to the workers’ benefits claimed.
For the foregoing reasons, the judgment of the trial court is reversed at appellant’s cost.
REVERSED.

. Plaintiffs entitlement to claim workers’ compensation benefits is provided in pertinent parts of the following statutes:
LSA-R.S. 23:1231:
“For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided.... ” LSA-R.S. 23:1251:
“The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.... ” LSA-R.S. 23:1232:
“Payment to dependents shall be computed and divided among them on the following basis:
(1) If the widow or widower alone, thirty-two and one-half percentum of wages.... ”