FRED W. JONES, Jr., Judge.
In this workmen’s compensation case judgment was rendered in favor of claimant awarding benefits for total and permanent disability as a result of a post-traumatic stress disorder caused by injuries sustained in a tractor-trailer rig accident.
The employer, 0 & W Steel and Metal Products (0 & W) and its insurer appealed, contending the trial court was clearly wrong in awarding benefits in light of two automobile accidents plaintiff had subsequent to the work-related accident.
Plaintiff also appealed, alleging the trial court erred in finding his low back injuries were not caused by the work-related accident, and erred in awarding inadequate medical expenses and expert witness fees.
For the reasons hereinafter set forth, we affirm.

Facts

On September 25, 1981, plaintiff was driving a tractor-trailer rig (18 wheeler) owned by 0 & W Steel on Interstate 20 in the vicinity of Utah, Alabama. Plaintiff was in the process of transporting a load of steel from Birmingham to Odessa, Texas when the right front tire had a blowout, causing him to lose control of the truck. The rig left the interstate, struck a row of pine trees and came to a stop at an oak tree, throwing plaintiff on the dashboard in the process.
Plaintiff was rushed to a hospital in Utah, Alabama where he was treated for a broken wrist and back pain.
*1168 Plaintiff returned to Shreveport where Dr. McAlister, an orthopedic surgeon, began to treat his broken wrist. At the examination of October 19, 1981, plaintiff complained of neck and back pain as a result of the accident. After continued complaints of pain Dr. McAlister admitted plaintiff to Bossier Medical Center in late October 1981. He diagnosed plaintiff as having a cervical sprain. At that time he consulted with Dr. Long, a neurological surgeon. Dr. Long examined plaintiff and diagnosed the injuries as a myeloligamen-tous sprain and muscle spasms in the neck.
In November 1981 Dr. Burda, a rheuma-tologist, began treating plaintiff for his back and neck pain. He diagnosed plaintiff as having a traumatic myeloligamentous strain.
Due to plaintiffs physical injuries and his worsening emotional problems, Dr. Bur-da admitted him to Doctor’s Hospital on December 6, 1981. He concluded plaintiff had chronic traumatic fibromyositis and depression with psychotic tendencies.
During the early morning hours of December 13, 1981 plaintiff was involved in two separate automobile accidents.
On February 18,1982 plaintiff was examined by Dr. Rambach, an orthopedic surgeon, for 0 & W. He diagnosed plaintiff as having a ligamentous strain. However, he felt plaintiff could return to work at that time. Upon receipt of Dr. Rambach’s medical report in March 1982, 0 & W terminated compensation benefits.
On March 31, 1982 plaintiff began treatment by Dr. Hayes, a psychiatrist. Dr. Hayes diagnosed plaintiff’s condition as a post-traumatic stress disorder of the chronic type caused by a significant trauma.
Plaintiff continued to be treated by Dr. Long, Dr. Burda, and Dr. Hayes. Because of his unchanged physical condition, Dr. Long re-admitted plaintiff to Bossier Medical Center on April 30, 1982. His diagnosis was myeloligamentous sprain and psychological and functional problems.
Dr. Robert Holladay, another orthopedic surgeon, also began treating plaintiff in April 1982. His diagnosis was myeloliga-mentous strain in the lumber spine and chronic back pain.
On August 22, 1982 plaintiff was re-admitted to Doctor’s Hospital for treatment of his physical injuries and psychological problems.
Plaintiff never returned to work following the September 25, 1981 accident. Suit was filed on April 7, 1982, and trial was held on December 17, 1982 and January 6 through 13, 1983.
At trial plaintiff testified that due to the strenuous nature of his job he often had low back pain and received treatment for same prior to the truck accident. Additionally, Dr. Holladay testified plaintiff related to him two bending incidents in April 1982 which caused plaintiff low back pain.
Plaintiff also stated he had disabling neck and back injuries and severe emotional problems as a result of the truck accident.
Doctors Long, Burda and Hayes all testified that plaintiff is totally disabled due to his psychological problems. Dr. Long characterized these psychological problems as “overwhelming”. Dr. Burda stated plaintiff’s physical condition was unchanged over the course of treatment but his mental condition deteriorated to the point where plaintiff was one of the most serious mental cases he had treated. Dr. Hayes opined that plaintiff’s post-traumatic stress disorder was the result of injuries sustained in the truck accident. He recommended intensive therapy for the mental condition.
In addition, numerous lay witnesses testified plaintiff was suffering from severe emotional problems related to the truck accident and they corroborated plaintiff’s complaints of neck and back pains.
Based on this testimony, the trial court held plaintiff was suffering from a mental condition caused by the upper back and neck injuries sustained in the truck accident, which renders him permanently and totally disabled. In so holding the trial court rejected defendant’s contention that the two automobile accidents on December *1169 13, 1981 caused or aggravated plaintiff’s physical problems.
However, the trial court held plaintiff failed to prove his lower back injuries were caused by the truck accident. The trial court based this decision on the testimony of plaintiff and Dr. Holladay.
On appeal defendant alleges the trial court was clearly wrong in awarding benefits for psychological damage arising out of the truck accident. Defendant contends plaintiffs subjective complaints of injury were caused by the two automobile accidents of December 13, 1981, and plaintiff was able to return to work in November 1981 or March 1982.
“It is well established that on appellate review, the trial court’s factual findings as to disability are entitled to great weight. They are not to be disturbed in the absence of manifest error.”
Batiste v. Pointe Coupee Constructors Inc., 401 So.2d 1263 (La.App. 3rd Cir. 1981)
See also Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978).
Our careful review of the record reveals no manifest error in the trial court’s factual finding that plaintiff was permanently and totally disabled as a result of the psychological condition caused by injuries sustained in the truck accident. The testimony of Dr. Long, Dr. Burda and Dr. Hayes supports this finding. Clearly, plaintiff was unable to return to work in November 1981 or March 1982 as contended by defendant.
The trial court also correctly rejected defendant’s assertion that the automobile accidents caused or aggravated plaintiff’s injuries. Plaintiff complained of neck and back injuries approximately two months prior to the automobile accidents and his complaints after the accident were consistent with those before the accident.
On appeal plaintiff alleges the trial court erred in denying him benefits for low back injuries. However, the trial court finding of fact that the low back injuries were not the result of the truck accident is amply supported by the record; therefore it will not be disturbed on appeal.
In addition, medical expenses incurred in the treatment of low back pain were properly disallowed by the trial court.
Plaintiff also alleges the trial court set inadequate expert witness fees.
“An award of expert witness fees lies within the discretion of the trial judge and will not be altered absent a showing of an abuse of discretion. Kelley v. Stringer, 422 So.2d 189 (La.App. 2d Cir. 1982).
Under the circumstances, an expert witness fee of $100 per expert is not an abuse of the trial judge’s discretion.
For the reasons set forth above, we affirm the judgment of the district court, with costs of appeal assessed one-half to each appellant.