COLE, Judge.
The question presented is whether or not an increased risk of accident is attributable to a trash collector’s employment when the trash collector is shot, while on his route collecting trash, by the jealous husband of a woman with whom he was conducting an affair. Ultimately, it must be determined if such a shooting constitutes an accident arising out of the trash collector’s employment as contemplated by La.R.S. 23:1031.
On June 23, 1982 Michael Williams, an employee of the town of Ponchatoula, was engaged in picking up trash beside the streets and placing it into a garbage truck. Joseph Beale, an offshore worker, pulled up in his automobile alongside the truck. He stepped out of his car, began arguing with Michael and then shot him dead. Mr. Beale had discovered Michael was conducting an illicit relationship with his wife. A petition was filed by Anna Mae Verrette, the plaintiff, naming the town of Poncha-toula as defendant, contending Anna Mae was the surviving parent of a deceased employee who left no legal dependents. According to La.R.S. 23:1231 of the Louisiana Worker’s Compensation Law she would therefore be entitled to recover $20,-000.
The trial court found Anna Mae Verrette to be the natural mother and surviving parent of Michael Williams. Further, the trial court held the accident arose out of Michael’s employment by applying the “time, place and circumstances doctrine” set forth by the Louisiana Supreme Court in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). A judgment of $20,000, plus statutory penalties in the amount of twelve percent of the total amount of the claim for arbitrary and capricious behavior by the defendant and attorney’s fees of $1,000 was made. The town of Ponchatoula has suspensively appealed from this judgment.
We hold the trial court was misplaced in its strict application of the Kern doctrine and therefore reached an erroneous conclusion as to whether the accident arose out of the victim’s employment. Accordingly, we reverse the decision of the trial court.
The criteria for payment of compensation is set forth in La.R.S. 23:1031:
“If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.”
Intentional shootings of and assaults upon employees have been found to satisfy the statutory requirements of personal-injury by accident. See Johnson v. East Baton Rouge City Parish Gov., 408 So.2d 1151 (La.App. 1st Cir.1981). An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Guidry v. Sline Indus. Painters, Inc., 418 So.2d 626 (La.1982). A trash collector who is shot while on his route actively engaged in pickup is in the course of his employment.
However, mere location at the work place when the accident occurs does not automatically cause liability to ensue. A causal connection between the accident and the employment must be shown before the accident can be held to arise out of the employment. See Guidry. Arising out of employment contemplates the accident being the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Furthermore, the risk of em *394 ployment from which injury resulted should be one greater than that occasioned by a person not engaged in the employment. Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982); Guidry, supra; Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973); Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256 (1917); Roberts v. American Motorists Ins. Co., 431 So.2d 95 (La.App. 1st Cir.1983); Shatoska v. Intern. Grain Transfer, Inc., 430 So.2d 1255 (La.App. 1st Cir.1983).
The plaintiff has brought forth no evidence to show there was an increase in the risk of the victim being shot attributable to his employment. The present case is distinguishable from Johnson, supra. In Johnson the employment was a factor in exposing the victim to an increased risk of injury. The victim was at work picking up garbage at an apartment complex. His assailant, the driver of another garbage truck was dispatched to the scene to render assistance in the pickup. An argument broke out over an alleged affair. Tempers cooled, but a bottle was thrown and the victim was shot. It was the dispatch of the truck containing the assailant, a co-employee, which caused an increased risk of accident to be present.
This necessary element of proof is lacking in the present case. In fact, the victim is the cause of any increased risk due to his illicit relationship. The policy behind the enactment of the Worker’s Compensation Law would not be furthered by imposing liability upon the employer in this instance. See Lisonbee at p. 9. Therefore, the judgment of the trial court is reversed in all aspects. Costs of this appeal are cast solely upon the appellee.
REVERSED.