H. CHARLES GAUDIN, Judge Pro Tem.
Cecil Laird, alleging a back injury, instituted this workmen’s compensation proceeding against his employer, Payne and Keller, Inc. Following a hearing in the 33rd Judicial District Court, the trial judge found that Laird “... failed to carry the burden of proof ... and his claim is therefore denied.”
Finding no manifest error in the trial judge’s factual findings, we affirm the judgment in Payne and Keller’s favor.
A general laborer, Laird testified that his foot slipped off a shovel on November 17, 1981 and that he fell backward into an excavated hole, striking his back on a concrete block. He was sent to a medical clinic, where he stated that a doctor prescribed medication and light work.
Appellant’s supervisor, Richard Kisa-more, said that Laird was put on light duty for a day and a half and that he (Laird) then returned to full duty. On December 24,1981, Laird’s employment was terminated because of a reduction in work force, Kisamore said, and not for medical reasons.
Laird stated that he had worked in pain following his accident and that his back still hurts, rendering him unable to do any heavy work or lifting. He is 23 years of age with a 10th grade education.
*830 Dr. George Mowad saw appellant on April 23 and 26, 1982, Laird complaining of back pain, and again on June 22,1982. Dr. Mowad said on June 22nd:
“Physical examination revealed no tenderness or spasm. I felt there was a possibility of malingering.”
Dr. Douglas Waldman first examined Laird on April 12, 1983. Dr. Waldman, an orthopedist, found evidence of an old rib fracture, but he admitted that there was no objective evidence to substantiate Laird’s alleged neck, back and leg pains, that Laird had a full range of motion in his neck, that there were no neurological abnormalities in either Laird’s upper or lower extremities and that there was no muscle spasm.
Concerning the fracture, Dr. Waldman said that “more likely” there would have been excruciating pain connected with it and that it would have been “extremely difficult” for Laird to have worked following the incident that caused the fracture. Subsequent to the November 17, 1981 incident, Laird performed light duty work for only two days and then resumed his regular work tasks for at least six weeks before losing his job due to the personnel reduction.
After leaving Payne and Keller, Laird worked at several other places without complaining of back problems.
During the trial, Laird presented several witnesses and some documentary evidence tending to establish a work-related and persisting back injury, but there is considerable testimony adverse to his contentions.
In Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979), the Supreme Court of Louisiana, on pages 301 and 302, stated:
“On appellate review, the trial court’s factual findings of work-connected disability are entitled to great weight. They should not be disturbed where there is evidence before the trier of fact which, upon the latter’s reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings, unless clearly wrong. The reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact by the trial court, even though the reviewing court is of the opinion that other evaluations and inferences are as reasonable.
“See: Cadiere v. West Gibson Products Company, 364 So.2d 998 (La.1978); Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974). See also Canter v. Koehring, 283 So.2d 716 (La.1973).
“As noted by these decisions, the reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
Here, the record does provide an adequate basis for the trial judge’s findings. We affirm the district court judgment of September 17, 1984, with appellant to pay all costs.
AFFIRMED.