CHEHARDY, Chief Judge.
This is a worker’s compensation case in which plaintiff, Willie Williams, seeks recovery for a back injury he allegedly sustained while employed by defendant. Plaintiff appeals from a judgment dismissing his case against his employer, General Electric Company, and their worker’s compensation carrier, Electric Mutual Insurance Company.
Williams contends he had no back problems until August 1982 while, in his capacity as a machinist for General Electric, he was using a pry bar to move a stainless steel diaphragm and felt a sharp low back pain that radiated from his belt line into his left buttock and down his left leg into his foot. On August 10 he was treated by General Electric’s company physician, Dr. Vincent Tumminello, and thereafter returned to work.
From that time to January plaintiff missed work on and off due to problems he associated with his August injury. Then in January 1983, while attempting to “zero in” a rotor by means of a chuck wrench, plaintiff alleges he again experienced severe low back pain radiating into his left lower extremity. He has not worked since that time.
On June 27, 1983 Williams filed suit against General Electric and their insurer alleging permanent disability. On October 5, 1984 the trial court dismissed plaintiff's demands, stating, “The plaintiff has failed to meet the burden of proof that his injury is work related. The Court is of the opinion that plaintiff attempted by his testimony to deceive the Court.” We affirm.
Williams maintains the trial judge erred in finding that he did not prove he was injured in the course of his employment.
It is uncontested that Williams failed to submit an accident report concerning the August incident. Plaintiff claims to have submitted an accident report shortly after the January incident; however, the earliest reports contained in General Electric’s records are dated March 1983.
Plaintiff’s account of his injuries is corroborated by two co-employees. Curtis Bordelon testified he witnessed the August accident and that he took over Williams’ job when he became physically unable to continue in January. Nicholas Blanda testified he saw Williams injure himself in January.
Dr. Tumminello testified that Williams came into his office on August 10, 1982 claiming that he was hit on the left leg with a piece of iron on August 9 while at work and complaining of pain in the left groin region. Dr. Tumminello testified that plaintiff did not complain of back pain. Williams disputed this testimony claiming *131 the doctor told him he appeared to be “off centered” and had disc problems. Williams was treated with muscle relaxants, instructed to use heat and given a light-duty slip for 3 to 5 days.
Plaintiff sought no other medical attention until January, 1983 after which time he saw several medical experts who testified that plaintiffs subjective complaints indicated a problem existed. However, the objective medical evidence presented was insufficient to precisely identify a medical condition or to establish that any difficulties experienced by Williams resulted from an on-the-job accident.
Dr. Earl Rozas, an orthopedic surgeon, saw Williams from January 19, 1983 through March 23, 1983. Dr. Rozas, finding no objective symptoms, opined that plaintiff suffered from a probable nerve root irritation and should not return to work.
On Dr. Rozas’ referral, plaintiff saw Dr. Neville J. Reehlman on March 25, 1983. Dr. Reehlman’s diagnosis was that Williams probably had a lateral herniation and should not work if in pain. Dr. Reehl-man found that Williams presented mixed symptoms which required hospitalization and testing to resolve. This remained Dr. Reehlman’s opinion through his final visit with Williams on October 12, 1983.
Dr. Joseph J. Frensilli, an orthopedic surgeon, examined Williams on April 6, 1983 and found no objective evidence to substantiate plaintiff’s subjective complaints. He further felt there was no reason the pain complained of would be due to a disk or spinal cord injury.
Dr. R.C. Llewellyn, a neurosurgeon, saw Williams three times between November 2, 1983 and April 27, 1984. He received reports concerning the electromyogram (EMG), computerized axial tomography (CAT), and X rays performed by Dr. Ray J. Haddad, Jr., and a false report indicating Dr. Haddad found Williams to be severely disabled with lumbar disc disease. He diagnosed plaintiff as disabled due to lumbar disk injury associated with muscle ligament sprain and in need of hospitalization and surgery.
Dr. Haddad saw Williams on December 14, 1983 and March 7, 1984. With the benefit of a CAT scan, X rays and an EMG he recommended that the plaintiff return to light work with the possibility of returning to his full capacity as a machinist in the future. He diagnosed Williams as suffering from degenerative arthritis and found no significant correlation between plaintiff’s low back pain and any particular clinical findings.
The Supreme Court in Prim v. City of Shreveport, 297 So.2d 421, 422 (La.1974), stated:
“Although procedural rules are construed liberally in favor of workmen’s compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff’s case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. [Citations omitted.]”
Additionally, great weight must be given to the factual conclusions arrived at by the trier of fact and reasonable inferences of fact should not be disturbed absent a showing of manifest error. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978).
In this case the trial judge, upon viewing the plaintiff and evaluating the evidence, made a factual determination that the plaintiff had not proved by a preponderance of the evidence that an accident occurred.
The trial court was also of the opinion that Williams’ testimony was not trustworthy. The finding of the trial court in regard to the credibility of the plaintiff in a workmen’s compensation proceeding carries great weight. Joseph v. Martin Mills, Inc., 394 So.2d 722 (La.App. 3 Cir. 1981).
*132 After a thorough review of the record we find no error in the trial court’s rejection of plaintiffs version of the facts or finding that plaintiff did not prove by a preponderance of the evidence that he was injured in the course and scope of his employment.
For the foregoing reasons, the judgment dismissing the plaintiff’s claim is affirmed. All costs of this appeal are assessed against the appellant, Willie Williams.
AFFIRMED.