TREVOR G. BRYAN, Judge Pro Tem.
On May 12, 1988, Mr. Morgan injured his knee while working in the course and scope *191 of his employment as an air-conditioning and refrigeration mechanic for New Orleans Cold Storage (Cold Storage). For two years following the accident, Mr. Morgan was treated by Dr. Williams. He was diagnosed as having a torn lateral meniscus and a defect of a cartilage of distal interaspect of the femur. To repair the defect, he underwent two arthroscopic operations in which Dr. Williams removed his meniscus and performed a medial femoral condyl. Dr. Williams told him to avoid prolonged standing, and to avoid squatting and climbing, and placed him on a “moderate-type” work status.
At trial, Dr. Williams testified that he initially expected Mr. Morgan to be able to return to work a few months following the second operation even though he had a fifteen percent impairment in the function of the knee. However, that was not the case. “People are different and apparently this type of injury is preventing him from returning to work,” Dr. Williams said.
Mr. Morgan earned an average of $539.65 per week as a mechanic. Immediately following his injury, he received temporary total disability of $262.00 per week. This amount was later reduced to $226.67 per week when Sherry Carthane, his vocational rehabilitation expert, wrote a functional capacity report concluding that Mr. Morgan had the ability to perform numerous jobs in the New Orleans area. Plaintiff claimed that he suffers severe pain and inflammation as a result of any activity he performs, and therefore cannot perform any of the jobs suggested by Carthane and defendants.
He filed suit and the case was tried on January 10, 1991. The trial court held in favor of plaintiff: (1) reinstating compensation benefits for total temporary disability from the date of their reduction and continuing into the future as long as he is disabled; (2) granting him the right to select a treating physician of his choice; (3) awarding to him benefits for all necessary medical expenses for further treatment, hospitalization and testing as recommended by the treating physician; (4) awarding legal interest on all past due compensation from the due date until paid; and (5) denying the claim for penalties and attorney fees. The lower court reasoned that the jobs Carthane selected were not very realistic, and the job descriptions were too vague to pass muster.
On appeal, defendants assert that the trial court erred in finding Mr. Morgan temporarily totally disabled. Given the great deference accorded the factual conclusions arrived at by the trier of fact particularly where conclusions of fact are based upon the credibility of witnesses, the question for this court is whether or not the trial court was manifestly erroneous in finding that plaintiff was unable to perform “sedentary work” because of the severity of pain in his knee. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977).
Although Dr. Williams and Dr. Levy testified that Mr. Morgan should be able to do moderate type work, there was no evidence introduced by defendants to contradict the plaintiffs testimony that his pain was too severe to work in those jobs. A plaintiff’s uncontradicted evidence of pain can support a finding of substantial and appreciable pain. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978).
Accordingly, the trial court is not manifestly erroneous in awarding temporary total disability benefits to Mr. Morgan.
Defendants also argue on appeal that the trial court erred in granting Morgan the right to select another physician of his choice.
The employee shall have the right to select one treating physician in any field or specialty. After his initial choice, the employee shall obtain prior consent from the employer or his worker’s compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for a change to a treating physician in another field or specialty. L.S.A.-R.S. 23:1121(B).
Mr. Morgan has seen several orthopedists regarding his injured knee. The trial *192 transcript revealed that defendants sent him to Dr. Williams. Morgan testified he was unhappy with the results of Dr. Williams’ operation. Thereafter, Morgan sought to be treated by Dr. Levy who refused to undertake the responsibility of treating him. Thus, the issue becomes whether Morgan “selected” Dr. Levy as his treating physician even though Dr. Levy refused to treat him. To hold that Morgan has already “selected” a physician by the fact that he expressed his desire for Dr. Levy to treat him would obviate the purpose of L.S.A.-R.S. 23:1121(B). The trial court did not err in allowing the plaintiff to select his own physician in accordance with R.S. 23:1121(B).
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. All costs to be borne by defendants/appellants.
AFFIRMED.